Curia, per Savage, Ch. J.
I cannot understand how the prosecuting of an action upon the contract without sufficient cause, can justify its rescission.
The infant was of full age in August, 1826 ; and then brought this action, which is in disaffirmance of the written contract, and he claims a return of- tfxe money paid by him, and' a compensation for his labor. The plaintiff might disaffirm his contract j for all deeds made by infants are Voidable. Any infant may have money or other property .independent of his father. Here the money was .paid by the infant himself; and no presumption follows that it belonged to the father. The presumption is the' other way. Although the father is entitled to. the services of his chil *85 dren till the age of twenty-one, yet he may waive that right. (Burlingame v. Burlingame, 7 Cowen, 92.) He may emancipate his child 5 or the child may, by the father’s consent, be entitled to his own services. Such was the case here. By the terms of this contract, the plaintiff’s services were to enure to his own benefit. There *is therefore, no objection to the action being brought in the name of the infant, if, upon the whole case, there be any right of action.
There is, however, a fatal objection to the plaintiff’s recovery, on another ground. Although the executory contracts of an infant are voidable by him, at his election ; yet, if he pay money on a contract made by him, though he avoid the contract on arriving at mature age, he cannot recover the money back; and so it-was expressly adjudged in Holmes v. Blogg, (8 Taunt. 508;) That was an action for money had and received. Holmes, ah infant, with his partner, Taylor, had agreed with the defendant to take a lease of his house. Part of the money was paid on the Contract by the plaintiff, then an infant. When he came of age he avoided the lease, as he had á right to do; and sued to recover back the money paid by him, on the ground of failure of consideration. Held that the plaintiff could not recover. Gribbs, O. J., in delivering the opinion of the court, said, he may avoid the lease; he may escape the burthen 6f Tent, and avtiid the covenants; but that is all he cab do. He cannot, by putting dn end to the lease, recover back any consideration he has paid for it. The chief justice refers to a dictum of Lord Mansfield in Drury v. Dmry, (2 Eden, 39,) who said, if an infant pays money with his own hand, Without a valuable consideration, he cannot get it back again. This report accords with the note of Wilmot, J.(a) (Wilmot’s opinions, 226, note a,)
*86 The principle of this case and the dicta cited, embrace both branches of the plaintiff’s claim. The money, was paid, and the work bestowed upon the same contract. The motion to set aside the report of the referees must be de nied. ,
Motion denied

 The note of Wilmot, J. is this: Ld. Mansfield said, “That infants are not bound by their agreements, was never held universally any where in the world. By our law, some bind absolutely, some are void, some are voidable. If the transaction were fair, a bargain and sale of lands by an infant for necessaries, would be good. If an infant pays money with his own hand, without a valuable consideration, he cannot get it back again; if he receives rents- he cannot demand them again when of age.”