# Benjamin Weeks *versus* W. P. Leighton.

When an infant rescinds his contract on the ground of his infancy, he is not entitled to recover any compensation for labor he may have performed under it.

Assumpsit for work and labor. The cause was tried here at August term, 1830, upon the general issue, and a verdict taken by consent for the defendant, subject to the opinion of the court upon the following case.

On the 8th of December, 1828, the plaintiff and the defendant entered into a contract, which was reduced to writing, and signed and sealed by both parties, that the plaintiff should work for the defendant three years, four months and four days, and that the defendant should pay to the plaintiff $240 on the 12th April, 1832, the plaintiff to have the privilege of going to school two months in the winter of 1828 and 1829. At the time of making said contract the plaintiff was, and still is, an infant, under the age of twenty one years ; and in pursuance of said contract he immediately went into the service of the defendant, and laboured for him one year, when he left the service and commenced this suit for said year's labor.

*J. H. Smith,* for the plaintiff.

*Woodman,* for the defendant.

*By the court.* There is no suggestion, in this case, of any fraud or imposition practiced by the defendant in making the contract. Nor is it shown that the contract is in any respect unequal. The naked question presented by the case is, whether the plaintiff, having performed labor, under a special contract which he has abandoned and refused to complete on his part, can recover for the labor which he performed ?

The general rule is, that a party cannot recover in such a case. 2 Pick. 267, *Stark* v. *Parker.* Does the circumstance that the plaintiff was an infant, when he

entered into the contract, make this case an exception to the rule? In Massachusetts, this question has been settled in favor of the plaintiff. It is held there, that the contract, being voidable and rescinded by the infant, he may recover a reasonable compensation for what he may have done under it. 2 Pick. 332, *Moses* v. *Stevens.*

But in England, and in New York, the law is held to be otherwise. It has been decided there, that although the infant may avoid the contract and relieve himself from the burthen of completing it, yet he cannot recover any compensation for what he may have done under it, nor recover back what he may have paid. 8 Taunton, 508, *Holman* v. *Blogg*; 8 Cowen, 84, *M'Coy* v. *Huffman*; 7 ditto, 184.

We are of opinion that this action cannot be maintained. When an infant is permitted to avail himself of the contract he has made, or abandon it, of his own will and pleasure, enough is done for his protection. To enable him to recover for what he may have done under the contract he abandons, is to permit him, not merely to avoid his contract, but to change it into a different contract at his own election, without the consent of the other party. This is not reasonable, and would be in many cases to put a sword, instead of a shield, into his hand.

*Judgment on the verdict.*