## MILLARD *vs.* HEWLETT.

An infant may avoid a usurious contract entered into by him, and recover the money lent upon such contract under the count for money had and received.

Evidence of affirmance of such contract after the party arrived of age, to be effective, must be express and not rest in inference or construction.

THIS was an action of *assumpsit*, tried at the Washington circuit in June, 1837, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff declared on a promissory note for $50, made by the defendant, bearing date 9th March, 1835, payable in one year, and also on the money counts. He proved a loan made to the defendant of the sum of $150, in March, 1835, to secure the payment of which, the note declared upon and another note for $100 were given to the plaintiff, both of which were delivered up on the trial to be cancelled. The plaintiff, at the time of the loan, was about *twenty years* of age. The defendant offered to prove that the money was lent under *an usurious agreement*, and that the plaintiff, after he became of age, *affirmed* the usurious contract by *commencing* a suit in the state of Vermont upon the $50 note, and also that he had otherwise affirmed the contract, without, however, stating how or in what manner. The evidence was objected to, and rejected by the judge, who charged the jury that the plaintiff was entitled to recover. The jury

NEW-YORK,  accordingly found a verdict for the plaintiff.  The defendant
May, 1838.  asks for a new trial.

Millard
v.          J. Holmes, for the defendant.
Hewlett.

                    , for the plaintiff.

By the Court, NELSON, Ch. J.   If the plaintiff was obliged
to *affirm the contract of loan* in order to maintain this reco-
very, though made during infancy, the defence of usury must
have been successful; for courts will not carry into effect
illegal agreements, even in behalf of infants.  But this is
not the case he presents ; his privilege enables him to avoid
the contract, and to stand before the court upon the footing
as if none had been made in contemplation of law.   The
contract urged upon him was never obligatory, or operative,
as it has always been in his power to admit or reject it.   It
was not absolutely void, because he had the option to enforce
it against the defendant; but it never was binding upon him-
self, as the defendant could at no time have enforced it
against him.

In confirmation of this view we may refer to the doctrine
that requires an *express promise*, after full age, to bind the
infant in respect to a voidable contract to pay a debt entered
into before ; a full acknowledgment or promise to pay, or
even actual payment of *part*, will not render him liable to pay
the *whole debt.*  2 Barn. & Cress. 824.  2 Esp. 628. 1 T.
R. 648.  4 Wendell, 405.  The reason is, that no legal liability
or ground of action, capable of being enforced in a court of
law, existed previously to the promise.   The case of *Stafford*
v. *Roof*, 9 Cowen, 626, goes upon the same principle, for
there the contract of sale in respect to the infant did not pro-
tect the vendee from an action of trover.

The plaintiff having a right thus to treat as a nullity the
contract set up against him, might have brought his action
against the defendant for *money had and received* immedi-
ately, according to the case of *Corpe* v. *Overton*, 10 Bing.
252, in connection with the case of *Stafford* v. *Roof*.  Upon
what principle, then, can the defendant bring to his aid this

usurious contract in order to affect the rights of the infant?

If there is any thing settled in the law, the plaintiff has a right to repudiate it. " From *Hill and Whittington's* case, Dyer, 104, n. to *Whywall* v. *Champion*, Str. 1083, (says Tyndal, Ch. J. in *Corpe* v. *Overton*,) it has been always held that an infant cannot incur liability by carrying on trade. If he cannot trade, a contract to enter into trade is one which he may avoid when he becomes of age. Now, when he rescinds such a contract, he has a right to rescind the whole of it; and one of the terms of the contract in question being that he should pay down £100, if we were to determine that he has a right to rescind the contract, and yet not recover the money paid in advance, the protection which the law extends to an infant might be altogether eluded by allowing the other party to retain the money so paid in advance." The only distinction or principle between that case and this is, that here the contract avoided was illegal; a ground which, instead of weakening, seems to me, adds cogency to the argument. I put the case, however, entirely upon the ground that the illegal contract is out of the question, as it clearly is, unless we say that infants shall be bound by *illegal* contracts, though they are not by those which are *legal*, and then the objection of usury fails, and the right to recover becomes very plain. 1 Bos. & Pull. 3, 295. 9. Wendell, 179.

The evidence offered of confirmation of the contract after full age was too indecisive to warrant that conclusion. Counting upon the note by the attorney is a matter about which the client usually knows very little, and should not be regarded as a confirmation.

New trial denied.