ALDRICH, an infant, *vs.* ABRAHAMS et al.

Defendants by a written contract "sold and agreed to lease" premises to plaintiff, an infant, for a certain sum to be paid and an annual rent, and plaintiff was to erect buildings to a specified value on the premises and to give a bond and mortgage thereof to secure the payments. Plaintiff entered, erected the buildings and occupied for about 18 months, when he left without having paid any thing, given or tendered the bond and mortgage, or demanded a lease. Plaintiff attempted to tear down the buildings, which was resisted by the defendant who resumed possession of the premises. Plaintiff then sued for work and labor, &c., in the erection of the buildings, alleging that he was an infant at the time of making the contract and still continued so. *Held*, apart from the question of infancy, that the action does not lie.

Even if the plaintiff can, before arriving at full age, elect to avoid this executory contract and cancel his obligations under it, still this action does not lie. He erected the buildings for himself, and neither paid any thing to defendants nor rendered any services for their benefit. (a)

ASSUMPSIT for work, labor and materials, heard before James Edwards, Esquire, sole referee. On the 5th June, 1840, the parties entered into a written contract, by which the defendants "sold and agreed to lease" to the plaintiff a lot of land in the village of Port Schuyler for $600, "five hundred dollars of which is to be secured by lease, and one hundred dollars to be paid in the following manner," to wit, $50 on the first of November then next, and $50 on the first of June following, with interest, to be secured by bond and mortgage on the premises: "the lease to bear seven per cent interest, also payable on the first day of November in each year." The plaintiff agreed that he would erect buildings "sufficient to secure the above named interest on lease, and also the $100 above named, within three weeks from this date." The plaintiff immediately took possession, and erected a building on the lot for a grocery and ball-alley. He continued in possession until nearly November, 1841. On the first day of that month one Hubbard, finding the premises vacant, entered and occupied the property. On

(a) See *Medbury* v. *Watrous*, 7 Hill, 110.

the 11th of that month the plaintiff commenced tearing down the building, and ordered Mrs. Hubbard to quit the premises. The defendants told her to remain, and they procured a warrant against the plaintiff to prevent him from tearing down the building. The plaintiff thereupon brought this action to recover the value of the work, labor and materials in erecting the building, and proved that he was under the age of 21 years at the time the contract was made, and that he would not become of age until February, 1843. The referee reported in favor of the defendants, and the plaintiff moves for a re-hearing.

*R. W. Peckham,* for the plaintiff.

*S. Stevens,* for the defendants

*By the Court,* BRONSON, J. This seems to have been a contract for a lease, for the consideration of a gross sum of $100 to be paid at certain periods, and a rent equal to the interest on the sum of $500. The $100 was to be secured by bond and mortgage on the premises, and the plaintiff was, within three weeks, to erect such buildings as would render the property sufficient security for the payment of the rent and the mortgage debt. No time was specified for giving the lease, but the plaintiff might have tendered the bond and mortgage and demanded a lease at the end of the three weeks, if the buildings were then completed. It does not appear that the plaintiff has ever tendered the bond and mortgage, or demanded a lease; nor that he has paid either of the two sums of $50 which fell due while he was in possession. He entered and enjoyed the property for about one year and five months, paying no rent, and then attempted to tear down the building for the purpose of removing the materials. The defendants arrested the destruction of the building, and resumed the possession of the property. Upon this case, and aside from the fact of infancy, there is no principle upon which the plaintiff can recover the money which he expended in erecting the building. The defendants were entitled to the possession of the property at the

time they resumed it, and the plaintiff had no right to destroy the building. The plaintiff is all in the wrong, without any fault on the part of the defendants. The plaintiff did not erect the building for the defendants, but for himself; and if he had performed the contract, the building as well as the land would have been his own. He could not first break the contract, and then sue the defendants for what he had done under it for his own benefit.

Although the plaintiff was an infant, the contract was not void, but only voidable at his election. If he could make that election before arriving at full age (see *Bool* v. *Mix*, 17 Wend., 132, and cases cited), still this action can not be maintained. It has been holden that by avoiding an executory contract the infant only cancels his obligation to perform it. He does not acquire the right to recover back what he had paid, or for services which he had rendered under the agreement while it remained in force. (*McCoy* v *Huffman*, 8 Cow., 84; *Holmes* v. *Blogg*, 8 Taunt., 508.) A distinction was taken in *Corpe* v. *Overton* (10 Bing., 252), where it was held, that an infant might recover the money which he had paid under an agreement from which he had derived no benefit whatever. But it was agreed that *Holmes* v. *Blogg* was rightly decided, because there the infant had had three months' enjoyment of the property on account of which the money was paid. Here the plaintiff has had more than a year's enjoyment of the property to which the contract related, and if he had paid the $100 he could not recover it back. But the case is still stronger against him, for he has neither paid any thing, nor has he done any thing for the defendants under the agreement. He erected the building for himself.

The plaintiff relies very confidently on the case of *Millard* v. *Hewlett*, 19 Wend., 301, as an authority in support of this action. But it is not in point. There the infant sued to recover a sum of money which he had loaned to the defendant. The defence was that the loan was made under an usurious agreement. We held that the plaintiff might avoid the agreement on the ground of infancy; and the agreement

for usury being out of the way, there was no longer any answer to the action. That case undoubtedly proceeds upon a nice distinction; but it can not aid the plaintiff.

Motion denied.