## Cowden *against* the West Branch Bank.

A proceeding by attachment in the nature of an execution to levy stock of the defendant, which stands in the name of another person, is rightly instituted in the county where the garnishee resides.

ERROR to the Common Pleas of *Lycoming* county.

The West Branch Bank against John H. Cowden. Upon a judgment in this case, the plaintiff issued an attachment in the nature of an execution, and which commanded the sheriff to attach one hundred and fifty shares of the stock of the Bank of Northumberland, in Northumberland county, and to summon

[Cowden v. West Branch Bank.]

James Armstrong, Esq., to whom the said stock was transferred, as garnishee. To interrogatories filed the said garnishee answered that he held the said stock transferred to him as collateral security for the payment of $3222.30, which the said John H. Cowden owed him. The court, on motion of plaintiff's counsel, rendered a judgment against the said garnishee for the said stock, subject to the payment of the said sum of $3222.30, whereupon a writ issued to the sheriff to sell the same, and it was sold for $1055.

The following errors were assigned.

1. That no notice or process was served upon the Bank of Northumberland.

2. That this being an attachment of stock in the Bank of Northumberland, which is in Northumberland county, the whole proceeding in Lycoming county against Cowden as owner with a clause of *scire facias* against James Armstrong, Esq., as garnishee, is void.

*Greenough,* for plaintiff in error, contended that the attachment could only issue in the county where the property to be attached was; it is put upon the same footing as other property, such as debts, goods, &c. What can the sheriff do in attaching stock not within his bailiwick? He cannot give notice to the Bank of Northumberland, more than he could to a bank in England. The stock is upon the corporation books and can only be transferred there.

*Maynard,* contra, argued that where stock was transferred by the debtor, the intention of the law was to enable the creditor to pursue it into the hands of the person to whom it was transferred; he alone was the party interested; and if the process had been issued in Northumberland county, he could not have had notice, and might have been deprived of that which was his own by a notice to the Bank, who had no interest in the matter.

The opinion of the Court was delivered by

SERGEANT, J.—Whatever might be the strength of the argument of the plaintiff in error as applied to other cases of attachment of stock, money or debts due to the defendant, yet in the case of stock belonging to the defendant, and held in another name, the 33d section of the Act of Assembly is express, that there shall be a clause of summons to the person in whose name it is held, in the nature of a writ of *scire facias* against garnishees in a foreign attachment. It is clear, therefore, that such person is to be made the garnishee; and, if so, the suit is properly brought in the county where he lives. For if it were brought in another county, the sheriff could not go out of his county to summon him, and the proceedings must fail in consequence of a non-compliance with the Act of Assembly. The case is, perhaps, anomalous, but it

VII.—55　　　　　2 M

seems to us the requisitions of the Act can no otherwise be complied with than by proceeding as the plaintiff has done in the present instance.

Judgment affirmed.