## LUFKIN *v.* MAYALL.

An infant, who has avoided his contract for labor on the ground of infancy, may recover compensation for his services performed under it.

The case of *Weeks* v. *Laighton,* 5. N. H. Rep. 343, overruled.

The writ contained three counts; 1, indebitatus assumpsit for balance of account; 2, for work and labor; 3, quantum meruit for work and labor. A set-off was filed and the action referred to an auditor. At the hearing before the auditor, the plaintiff proved that her services were worth two dollars per week and board. The defendant then introduced the following instrument, which is agreed to be the contract of the plaintiff:

This may certify that I, the undersigned, Ann M. Lufkin, do covenant and agree, that during the length of time that I am in the employment of Mary S. Mayall, after this date, that I will charge her but one dollar per week and board, for my services and work, reserving the privilege to leave said employment at any time whatever.

Great Falls, March 10, 1849.

(Signed)　　　　　ANN M. LUFKIN.

Witness—P. S. DEVINAL.

It is also agreed that the plaintiff was a minor at the time of making said contract, and continued a minor during her services for defendant.

The auditor found that there was due the plaintiff the sum of $10,24; but if the contract should be considered binding upon the plaintiff, then he found due the defendant the sum of $29,26.

If the court should be of the opinion that the contract of the minor is binding, then judgment is to be rendered for the defendant for $29,26 and costs. If not binding, the action to be sent back to the court of common pleas for trial.

*S. Clark,* for the plaintiff.

*I. Jordan,* for the defendant.

BELL, J. In the case of *Weeks* v. *Laighton,* 5 N. H. Rep. 343, it was decided that when an infant rescinds his contract on the ground of his infancy, he is not entitled to recover any compensation for labor he may have performed under it. That decision is directly in point upon the only question presented by this case. This case is brought before us in the hope that we may reconsider that decision. We are not unwilling to look at the point anew, because of the manifest hardship and want of equity which a case like this exhibits. The plaintiff has performed services, of which the defendant has had the benefit, and the ordinary measure

of justice applied by the courts is, to require the party who has voluntarily received the benefit of another's labor, to pay a fair compensation for it. Here, the plaintiff performed the service under a specific agreement, which, if binding, would furnish the measure of compensation. But the defendant says she entered into this contract when, in consequence of her youth, she had not the requisite discretion to make a binding contract, and she does not choose therefore to be bound by it. The law says she has the right to avoid this contract. And it is consequently avoided, and at least from the time of her dissent, it is null. She now asks that she may be allowed a fair compensation for her labor, as if it had been done without any contract.

In the abstract, this seems to be a very reasonable claim. But in the case of *Weeks* v. *Laighton*, it is held that the labor having been performed under a special agreement now avoided, the plaintiff is not to recover any thing under any implied contract. The contract, though now annulled, will still be regarded as an agreement which was binding at the time the service was performed. In other words, the contract is not entirely avoided, so that the parties would stand as if it had never been made; but it is partially avoided, having no effect after the election to avoid it is made, but retaining its entire force up to that time.

The general principle undoubtedly is, that when there is an express contract between parties, the law will not raise any implied contract; but we doubt if this has any application to the case where the law itself gives to one of the parties the right to avoid the contract by reason of an original and intrinsic defect. Though for some purposes, as for the purpose of preventing injustice, the law will take notice of such a contract, and regard it as having been in force until it is avoided; yet wherever such a view would be productive of wrong and injustice, the contract will be regarded as having an intrinsic defect from the first, and when annulled, will be considered never to have had any

Lufkin *v.* Mayall.

legal obligation, except at the election of the party who has now chosen to avoid it. As nothing but injustice can result from regarding this contract as continuing in force, so as to prevent the inference of an implied contract, which would be otherwise made by the law, we think that in this case the avoidance of this contract must be held to have relation back, and to render it null from the beginning.

The case of *Weeks* v. *Laighton* was decided upon the authority of *Holman* v. *Blogg*, 8 Taunt. 508; *M'Coy* v. *Hoffman*, 8 Cow. 84; *Roof* v. *Strafford*, 7 Cow. 184; against *Moses* v. *Stevens*, 2 Pick. 332; and the same authorities were followed in *Harney* v. *Owen*, 4 Blackf. 336.

Since that decision, the case of *McCoy* v. *Hoffman* has been reconsidered and overruled in New York in *Millard* v. *Hewlett*, 19 Wend. 301, and *Medbury* v. *Watrous*, 7 Hill. 110. The case of *Holman* v. *Blogg* has been overruled in England, in *Corps* v. *Overton*, 10 Bing. 252. The case of *Moses* v. *Stevens* has been sustained in Massachusetts in *Vent* v. *Osgood*, 19 Pick. 572; and the principle that an infant avoiding his contract for labor may recover upon a *quantum meruit*, has been recognized in Maine, in *Judkins* v. *Walker*, 5 Shepley 38, and in Vermont, in *Thomas* v. *Dike*, 11 Verm. 273, and *Taft* v. *Pike*, 14 Verm. 405.

The better reason and the weight of authority seem to us to be strong against the case of *Weeks* v. *Laighton*, and we are therefore not inclined to follow it.

We might remark upon the inconsistency of this case with the case of *Britton* v. *Turner*, 6 N. H. Rep. 481, in which it was held that a person of full age entering into a contract for services, and violating his agreement by abandoning that service without just cause and without pretence of right, may yet recover a just compensation for his services, so far as they have been beneficial to the other party, at the rate specified in the contract, after allowing a fair indemnity to such party for any damages sustained by him by the non-performance of the contract. The case of

the minor who has by law a right to avoid his contract, ought not to be more unfavorably regarded than that of the person of full age who acts without pretence of legal right and in disregard of his agreement. But as the latter case has failed to meet the entire concurrence of the courts and the bar in other States, we prefer to rest our opinion on other grounds.

Agreeably to the provisions of the agreement made by the parties, the case must be sent to the common pleas for trial.