# In the Court of Common Pleas of Schuylkill Co.

## McHUGH v. BASHORE ET AL.

The bond of a married woman for purchase money though constituting a lien upon the land purchased is invalid as a personal obligation, and execution will be restricted to to the land sold.

*Quare.* Whether a foreign corporation located in another State is subject to an attachment execution ?

**Rule to restrict the proceedings to the property conveyed to Mary Bashore, by plaintiff.**

Opinion delivered Sept. 14, 1874. by

WALKER, J. The following facts have been agreed upon by the parties, to-wit :

That the plaintiff on. 1 March, 1872, executed and delivered to Mary Bashore, wife of David Bashore, a deed for two lots of ground and a building in Mahanoy City for $6,000—of which $3,000 were paid in cash and the balance was secured by Bond and Mortgage on the premises, executed by Mary and David Bashore.

That after this, Mary Bashore made certain improvements upon the property, and insured the building in the companies upon which these writs of attachment were served—

That the first instalment of $1,000, fell due 1 April, 1873, and that the building was totally destroyed by fire 17 March, 1873.

That the Miss. Ins. Co. and the N. Misouri Ins. Co., are foreign corporations, and that their agent here has no assets of the Cos. in hand. That judgment was obtained against these defendants for the first instalment, and these proceedings are to collect it out of the insurance fund.

The rule is therefore to restrict the collection of the judgment to the mortgaged premises. Mrs. Bashore being a married woman.

The law is well settled that a confession of judgment by a married woman is void, except to secure the balance of the purchase money ; for under the act of 1848, the power to purchase, gave her the right to contract for the payment of the purchase money. Patterson vs. Robinson, 1 C. 81 ; Brunners Appeal, 11 Wr. 67 ; Caldwell vs. Walters, 6 H. 79 ; Finley's Appeal, 17 P. F. S. 453 ; Steinman vs. Ewing, 7 Wr. 63.

And her bond is invalid as a personal obligation, though it will constitute a valid lien upon the property. Ramborger vs. Ingrahm, 2 Wr. 146. and is absolutely void, though given for debts contracted before marriage, or for necessaries for the support of her family. Keiper vs. Helfricker, 6 Wr. 325 ; Glyde vs. Keistler, 8 C. 85 ; Dorranee vs. Scott, 3 Wharton 309.

At law the contracts of a married woman are nulities. Glidden vs. Strupler, 2 P. F. S. 400. The plaintiff admits that this is law ; but he

claims that the insurance fund arising from the distruction of the building sold by plaintiff to Mary Bashore, is a *substitution* of the fund for the property; and Reed vs. Lukins, 8 Wr. 200, is cited as sustaining that principle.

Let us examine this view of the case. Mary Bashore effected these insurances upon her own property—

That she had an insurable interest as the owner of the land is unquestionable and that James McHugh as the mortgagee had likewise an insurable interest in the land, (as Chief Justice Thompson says in Gravemyer vs. Southern Mutual, 12 P. F. S. 342) "would be a waste of time to cite authorities to prove."

True a judgment creditor cannot insure, because he has a general and not a specific lien. Ruth's Appeal, 4 P. F. S. 173.

He has neither *jus in re.* nor *ad. rem.* Cover vs. Black, 1 Barr 495.

The rule of law being that an interest may be insured, not a lien; Miltenberger vs. Beacon, 9 Barr 198 ; Gravemyer vs. Southern Mut. 12 P. F. S. 340 ; Norcross vs. Ins. Co. 5 Harris 430 ; Wilson vs. Trumbull Mut. 7 Harris 372.

From these authorities there is no doubt that both the plaintiff and the defendant had separate and distinct insurable interests in the property. A part of Mrs. Bashore's interest was converted into money by the fire. If this be true, how can it be said that the money arising from her interest is *substituted* for McHugh's interest, which was separate and distinct from hers, and which he had failed to have insured. The conclusion strikes us as illogical.

The question has been raised before us as to whether a foreign corporation located in another State can be garnisheed, or in other words, is a foreign corporation subject to an attachment execution under the provision of the Act of the 13th of June, 1836?

Although the proceedings upon an attachment execution, are in the nature of an execution as against the principal debtor, they are essentially in the nature of a suit at law or against the Garnisher. Fithian et al, v. N. Y. &. Erie R. R. Co., 7 C. 115.

There can be no doubt that a foreign corporation can be sued. Act 21, March 1849, sec. 3, P. S. 216. And *service* of the writ may be upon the agent. Act 11 April, 1868, Purdon's Dig. 796, pl. 29. See Parke v. Com. Ins Co., 8 Wr. 422, Act 24 April, 1857, pl. 318, sec. 1, Purdon's Dig. 802, pl. 53. And a writ of foreign attachment may issue against a foreign corporation. Act 13 June, 1836, Purdon's Dig. 716, pl. 3. Bushel v. Com. Ins. Co., 15, S. & R. 173. And a foreign corporation located here may be made garnishee in an attatchment execution. Jones v. N. Y. & Erie, 1 Gr. 457, 7 C. 114. But a municipal corporation cannot be made garnishee. Act 20 March, 1845, P. L. 189, sec. 4, Purdon,s Dig. 641, pl. 39, Erie v. Knapp, 5 Casey 173. See au thorities collected in Purdon's Dig., p 639, in foot notes.

Judge Sharswood in, the case of Barron v. Morrison (called in a foot note in 2 in Troubat & Haly Prac. 826) says "there is no Act of Assembly which enables a party to garnishee a foreign corporation in a suit against a third person." :

In Christmas v. Biddle, 1 Harris 223, which was a foreign attachment attaching stock in a bank in Mississippi, (though the certificate was held by a broker in this State,) Judge Coulter remarks that the attachment process is a proceeding *in rem*, and the matter and thing attached must be in the power and jurisdiction of the Court. You might as well, by an ideal and construction service on the *person* of a defendant resident in Mississippi, summon him to appear in our Court, or to attach him to compel an appearance by attaching his bank stock in a bank located and established by law in Mississippi. It is also a proceeding in persona. Childs & Co. v. Digby, 12 Harris 23 ; Brading v. Seigworth, 5 C. 396. It it necessary that the debtor of the defendant should be the garnishee. Raiguel & Co; v. McConnell, 1 Casey 362. And that the attachment execution should issue from the county where the garnishee resides—otherwise the court say the sheriff could not go out of his county to serve him. Cowden v. West Branch Bank, 7 W. & S. 432. See Purdon's Dig. 640, pl 33. .

The agent of these foreign insurance companies, authorized to take applications and receive premiums; closely resembles a ticket agent of a railroad company, and service on such agent of an attachment execution is held insufficient. Fowler et al, v. Pittsburg, F. W. & C. R. R. Co, 11 C. 22; Reed v. Penrose 12 C. 214; Bank v. Ryon 14 P. F. S. 236. Parke v. Com. Ins Co. 8 Wr; 422u :

However it is immaterial to the merits of the case, whether a foreign corporation can be garnisheed in an attachment execution or not which involves the construction of the several acts of 1849, P. L. 216, 1857, P. L. 318, and of 1868, P. L. 83, for we are clearly of the opinion that execution on this judgment should be restricted to the property covered by the mortgage, all the liens against the plaintiff having been satisfied.

Rule made absolute.