GEORGE W. ABBOTT, BY HIS NEXT FRIEND. *v.* JOB INSKIP.

An infant, who renders services under a verbal contract, which could not be performed within a year from the date thereof, entered into by and between his employer and his parent, can not abandon the service in violation of the agreement and recover upon *quantum meruit* for the services rendered.

MOTION for leave to file a petition in error to the District Court of Brown county.

The plaintiff, an infant, sued the defendant to recover the value of work and labor performed by the plaintiff for the defendant between February, 1871, and February, 1875.

The defendant in his answer set up that the work and labor sued for were rendered under a verbal contract entered into between the defendant and the plaintiff's mother in the year 1864.

That at the date of the contract the plaintiff was only nine years old, and was in the custody and under the control of his mother, who was entitled to his earnings and labor during infancy. By the terms of the contract the plaintiff was to live with and serve the defendant until he arrived at twenty-one years of age, in consideration of which defendant was to provide him with food, clothing, medi-

cine, and education, etc., and, upon arriving at age, was to give him a horse, saddle, bridle, etc. That the defendant had performed, and was willing to perform all the conditions on his part, but the plaintiff without cause had left his home and service before arriving at age.

A demurrer to the answer was overruled, and plaintiff replied.

On the trial in the court of common pleas verdict and judgment were rendered for the defendant. This judgment was affirmed by the district court.

All the errors assigned may be considered as arising on the charge given to the jury by the court of common pleas, which was as follows : " If you find from the evidence that the defendant entered into the contract set up in his answer, and that the services sued for were rendered to the defendant in pursuance of said contract, and that the defendant has performed the contract upon his part, and that the plaintiff without just cause left the service of defendant without his consent, then the plaintiff can not recover, and your verdict must be for defendant. But if the services were not rendered to the defendant, under the contract claimed by the defendant, then the plaintiff is entitled to recover such sum as his work and labor was reasonably worth, or if the plaintiff went to live with the defendant under the contract claimed by defendant, and without cause was dismissed by the defendant, he may recover what his work was reasonably worth."

*King, Marshall & J. G. Marshall,* for the motion.
*White, Waters & McKnight,* contra.

McILVAINE, J. There is no question made as to the right of the plaintiff's mother to have bound him by a written contract duly executed.

The contention of the plaintiff in error is :

1. That the agreement set up in the answer was void under the statute of frauds.

2. That the plaintiff in error was not bound by it under the statute concerning apprentices and servants.

It is true that the agreement could not have been performed within a year from the making thereof, and, therefore, under the statute of frauds, it could not have been enforced by action. It might, however, have been performed by the parties, and, when performed, the parties would have been bound by it; or, if the plaintiff had performed, the defendant would have been bound to perform it on his part.

The plaintiff in his action below relied on an implied promise, on the part of the defendant, that he would pay the plaintiff the reasonable value of his services. The express promise contained in the agreement, under which the plaintiff assumed to render the service, excludes the presumption of the implied promise relied on. The default of a defendant, or his refusal to go on with a contract which falls within the statute of frauds, is an essential condition of the right to recover for services rendered under it. It is only in cases where the defendant, by reason of his own breach of such contract, is estopped from setting it up as a defense that an action for the value of the work done under it can be maintained.

That the contract was not executed in conformity to the statute concerning apprentices and servants is not a good reply to such contract. Such want of conformity no doubt discharged the plaintiff from the duty of remaining with the defendant. But, upon his voluntary withdrawal from the service, it gave him no right of action to recover for services rendered under the contract for the reasons above stated.

*Motion overruled*