WILLIAM A. FISHER, INFANT, v. SAMUEL W. KISSINGER ET AL.

INFANT AVOIDING CONTRACT OF PERSONAL SERVICE CAN RECOVER ON QUANTUM MERUIT.

> When a contract to work and labor for a given time has been avoided by the obligor on the ground of his infancy, after part-performance on his part, he is not precluded thereby from recovering on the *quantum meruit*, notwithstanding the fact that he discontinued the employment without fault on the part of the obligee.

**R. H. Swadner,** for plaintiff.

**R. W. Baggett,** for defendant.

**WILSON, J.**

The plaintiff, an infant, filed a petition seeking to recover from the defendants for work and labor performed at their request. The infancy of the plaintiff is a conceded fact in the case.

For a first defense the defendants denied that they were indebted to the plaintiff in any sum whatever for the work alleged to have been done, as stated in the petition. A demurrer was interposed to this defense and properly sustained.

The second defense is as follows:

"For second defense to said alleged cause of action, defendants say that when said William A. Fisher entered the employ of these defendants on or about January 25, 1902, he was then nineteen years of age;

that he entered their employment under a contract in which he agreed with these defendants to work and labor for them upon their farm for a period of nine months certain, from and after March 1, 1902 until December 1, 1902. For said work defendants agreed to pay plaintiff seventeen dollars per month, during the said nine months, and in addition, said plaintiff was to receive his board and room rent.

"Defendants further say that on account of plaintiff's being sick and unable to begin his work on the day agreed upon in said contract, the plaintiff did not begin work until on or about March 12, 1902, and that said plaintiff continued thereafter to work for these defendants until September 25, 1902, a period of six months and five days, as alleged in plaintiff's petition.

"Defendants further say that this plaintiff left their employ before the completion of the term for which he contracted to work and has ever since refused to carry out his contract with these defendants.

"Defendants further say that plaintiff left their employ against their will and that he had no just cause for such leaving, or for refusing to perform his contract, and that they deny that they are indebted to him in the amount stated in plaintiff's petition, or in any amount whatsoever."

A demurrer was interposed to this defense and overruled. The plaintiff then replied, but subsequently, by leave of the court, withdrew his reply and asked leave to demur again to the defense, which was denied him; not wishing to plead further, judgment on the pleadings was entered against him.

The infancy of the plaintiff having been conceded, the question arises whether or not this was such a contract as from which an infant could retire and if he did so, what effect it had upon his right to recover for the work and labor which he had performed. The rule as laid down in 16 Am. & Eng. Enc. Law (2 ed.) 290 is as follows:

"An infant's contract to serve for a given time at a definite rate of wages may be repudiated by him at any time during minority, whether before or after the completion of the term.

"After the contract has been avoided the parties stand in the same relation to each other as they would had the transaction taken place without any contract, and the infant may recover for his services on an implied promise to pay a reasonable price therefor, taking into consideration any benefit already received by him."

This text is supported by a long line of authorities. Some of the earlier cases were to the contrary, but have, almost without exception, been overruled in subsequent cases. The text of Swan's Treatise seems

Fisher v. Kissinger.

to hold to the contrary. On page 628 of the seventeenth edition it is said:

"If hired to service by his parents by contract, void because not in writing, or if he does work in part payment of his own contract, or pays money upon it, he cannot, by avoiding or abandoning the contract before full performance, on account of his infancy, get back the money, or recover compensation for his work; for, in general, like an adult, he cannot exact performance and at the same time refuse to perform an executory contract."

The authorities cited to sustain this text are *Abbott* v. *Inskip,* 29 Ohio St. 59; *M'Coy* v. *Huffman,* 8 Cow. 84; *Holmes* v. *Blogg,* 8 Taunt. 508.

*Abbott* v. *Inskip* is authority to the extent that an infant, retiring from a contract made by his parents, cannot recover for his wages. That is an entirely different question. If the parents are entitled to his services the contract is binding, and the infant cannot recover.

*M'Coy* v. *Huffman* has been expressly overruled in the same court which rendered the opinion.

So has *Holmes* v. *Blogg* been overruled. The almost unbroken line of authorities is to the effect that the infant may retire from his contract and recover for his services upon a *quantum meruit.* His suing for the wages was a repudiation of the contract, and it is averred in the answer that he did in effect repudiate it by retiring from the services.

The answer states no defense against the infant's right to recover for the services which he had performed, and the demurrer should have been sustained.

This court will direct that it be sustained and remand the case to the court of common pleas for further proceedings.

**Sullivan** and **Summers, JJ.,** concur.