NANCY M. MILLER, DEFENDANT IN ERROR, v. RUTH E. DENNIS AND THOMAS L. DENNIS, HER HUSBAND, PLAINTIFFS IN ERROR.

Submitted July 8, 1902—Decided November 17, 1902.

1. When the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law. This doctrine of *Meeker* v. *Spalsbury*, 37 *Vroom* 60, approved.

2. The terms of such a surrender may be settled in advance by parol, and, after execution, are enforceable.

3. Such a surrender by the tenant may constitute a valid consideration for the relinquishment of rent or other claims of the landlord under the lease.

On error to the Somerset Circuit Court.

For the plaintiffs in error, *James J. Bergen.*

For the defendant in error, *Hugh K. Gaston.*

The opinion of the court was delivered by

COLLINS, J.    At the trial of an action brought to recover rent reserved, for demised premises, and insurance premiums and taxes agreed to be paid by the tenants, the Circuit Court overruled the defence presented, and, upon exception thereupon sealed for the defendants, its action is assigned for error in this court.

The defendants, on November 11th, 1891, being the owners and occupants of certain real estate in Somerset county, subject to mortgage, conveyed the same to the plaintiff, who, thereupon, by written lease under seal, demised the property to the grantors for a term of ten years, at the yearly rent of $200, payable half-yearly, the lessees covenanting to pay the premiums for insurance on the building thereon and to keep the premises in as good condition as they should be in when

the sum of $500 would have been expended by the lessor, and to pay all taxes imposed during the term, with right of re-entry by the landlord on default.   It was further therein agreed that, on certain conditions, the tenant might have two renewals of the demise, for terms of ten years each, the rent to be increased by the interest on the amount of certain expenditures contemplated by the lessor.   Contemporaneously the parties agreed in writing and under seal that the lessor or her husband might make alterations or improvements either in building upon or in cultivating portions of the demised land, subject to the consent of the lessees, and might own and occupy such buildings or portions of buildings as they might build or erect in the same manner as though the premises were not leased, and that in building or in the re-modeling of buildings an account should be kept of all work which the lessor should direct to be done and which the lessee Thomas L. Dennis should do, and that the sum of $2 per day should be allowed therefor, but that no payment for the same should be exacted or expected so long as the lessor should remain in possession thereof.   It was further agreed that if from any cause the demised property should be sold while the lessees were still in possession, the lessor should be reimbursed all moneys furnished by her including the mortgage, if the same should have been paid; secondly, all dues for work or money spent in improvements by said Thomas L. Dennis should be met; and thirdly, any amount over and above those sums should be equally divided between the lessor and the said Ruth E. Dennis.   It was further agreed that if the lessor should wish to dispose of the property or should die, the lessees should have the right to purchase the same at a fair valuation.

The lessees paid but one year's rent above an allowance of $40 made them, and in March, 1896, left the property.   On May 16th, 1894, the lessors had demised to the lessees an adjacent piece of land which also was vacated at the same time. The plaintiffs claimed that a small sum was in arrear under the second lease.   This was disputed in testimony, and, as verdict was directed in favor of the plaintiff, I will assume,

although the printed case is not explicit on that subject, that recovery was had only for what was admittedly in arrear under the first lease.

It was proved by the defendant and conceded by the plaintiff that Thomas L. Dennis had done work under the agreement above recited to the amount of $545.

The defence, finally overruled, sufficiently appears in the following extracts from the testimony of Ruth E. Dennis:

"*Q.* Did you leave that place under any agreement with Mrs. Miller?

"*A.* Yes, sir.

"*Q.* Will you tell what that agreement was?

"*A.* We had several conversations.

"*Q.* Just tell the agreement?

"*A.* Mrs. Miller requested us to leave the place, and we being loath, at first, to do so, finally agreed to leave on this condition—that as we owed her and she would have owed my husband if we had remained, we agreed if we gave up the property—gave up the contract—gave up his work, that would be due if we could have remained; resigned all that; it balanced—squared up with what we owed her. It was not figured to a dollar, but it was put in a lump in that way, and that is the way we settled.

"*Q.* Do you know that your husband agreed to this also?

"*A.* Yes, sir.

"*Q.* After this agreement was made, did you carry out your part by leaving the property?

"*A.* We did.

"*Q.* And Mrs. Miller took possession of it?

"*A.* Well, her people that she put in there did.

"*Q.* Well, that was her possession?

"*A.* Yes, sir.

"*Q.* From that time how long was it before you ever heard that she made any claim against you?

"*A.* When she brought this suit about it."

In overruling the defence the learned trial judge held that, if regarded as payment, the agreement of settlement was a

parol alteration of the terms of a written contract, and, if regarded as accord and satisfaction, it lacked consideration.

In our opinion the proffered defence was misconceived. It was neither payment nor, strictly speaking, accord and satisfaction. It presented a case of mutual surrender of rights, and it cannot be said that as to either party it was *nudum pactum.* True, the landlord, under the provisions of the "Act concerning landlords and tenants" (*Gen. Stat., p.* 1915, § 7 or 12 *et seq.*), might have recovered possession of the demised premises, but such recovery could have been thwarted by payment of the rent in arrear; and *non constat* that the tenants could not have raised more money than sufficient for that purpose by assigning their valuable contingent rights under the lease. The insurance premiums and taxes were in the nature of rent. *Ocean Grove* v. *Sanders,* 50 *Atl. Rep.* 449.

In the absence of fraud or imposition, courts will not measure the adequacy of the benefit to be derived from a transaction. Parties competent to contract must decide for themselves the value of the return exacted for their engagements. In *Perkins* v. *Elliott,* 8 *C. E. Gr.* 526, 535, this court, applying this rule, sustained the promise of a married woman to pay a mortgage on lands in which her only interest was inchoate dower.

While executory only, the agreement of surrender was, of course, not enforceable, but when executed it became legally effective. Under the statute of frauds (*Gen. Stat., p.* 1602, § 2) no lease may be surrendered except by writing or by act and operation of law. It has been held in our Supreme Court, as well as in other jurisdictions, and we approve the doctrine, that when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law. *Meeker* v. *Spalsbury,* 37 *Vroom* 60, and cases cited. Of course the terms of the surrender may be settled in advance by parol.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM.    13.