OLIVE R. RHINESMITH, DEFENDANT IN ERROR, v. ERIE
RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued June 29, 1908—Decided November 16, 1908.

1. To rebut the presumption of liability of a master for damage con-
   sequent upon the negligent act of a servant, done within the
   apparent scope of the latter's employment, it must be shown either
   that the act was purely wanton, or that it was not performed in
   furtherance of any duty within the actual scope of the servant's
   authority.
2. Where the plaintiff, who was cultivating her voice as a singer,
   claimed damages because of her inability to use her voice as
   formerly, becoming at times husky, hoarse and unable to reach
   high notes, the court charged that if those conditions existed, and
   were attributable to defendant's negligent act, the plaintiff was
   entitled to compensation.   *Held*, no error.

On error to the Supreme Court.

For the defendant in error, *William B. Gourley.*

For the plaintiff in error, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff seeks to recover damages for
injuries sustained by her, as she alleges, by the explosion of a
torpedo placed upon defendant's tracks at Wanaque, Midvale,
on the 20th day of May, 1904, by one of defendant's employes.
She testified that she accompanied her friend to the station,

and while they were awaiting the arrival of the train a freight train drew up and entered from the main track upon a siding, so that the passenger train upon its arrival might proceed. Plaintiff was about to pass into the waiting room when a loud explosion occurred upon the main track, and a flying missile from the exploded substance struck the plaintiff upon the right side of her neck, causing injuries which confined her for a period to her home, "disfiguring her neck," necessitated an expenditure for medical attendance, and caused her a loss of wages as a school teacher. The testimony as to the placing of the torpedo upon the track, while not extensive, was sufficient to enable a jury, if they believed it, to base a verdict upon it. Armstrong, the conductor of the freight train, who was charged by plaintiff's witness with placing the torpedo upon the tracks, denied that he did so; and other witnesses for defendant gave testimony to the same effect. This situation created an issue of fact, which was properly submitted to the jury and upon which they found for the plaintiff.

The defendant company now contends upon this writ of error that if it be conceded that Armstrong placed the torpedo upon the track, his act cannot be charged to defendant, because defendant's rules governing employes expressly prohibited the placing of torpedoes upon tracks in close proximity to a railroad station. But this contention, under the doctrine of *respondeat superior,* cannot prevail to absolve defendant, unless it be established that what Armstrong did was a wanton act, or was not in furtherance of any duty that was within the scope of his employment. *Holler* v. *Ross,* 39 *Vroom* 324; *Brokaw* v. *New Jersey Railroad and Transportation Co.,* 3 *Id.* 328; 26 *Cyc.* 1527, and cases cited; *Crandall* v. *Boutell,* 95 *Minn.* 114; *Singer Manufacturing Co.* v. *Rahn,* 132 *U. S.* 518; *Rounds* v. *Delaware, Lackawanna and Western Railroad Co.,* 64 *N. Y.* 129.

Upon the question of damage the defendant insists that the following direction of the court was erroneous: "An additional item that you should consider is this, if it exists, the effect, the probable effect, that this injury will have on her earning capacity in the future. She says that her desire

and her ambition was to become an operatic singer. She took some music lessons, vocal lessons rather, and she says she finds since that time her voice is husky; she becomes hoarse; she cannot reach the high notes, or, in reaching them, she is left in a nervous condition. If these conditions exist and are attributable to the defendant, she should be compensated for them."

The word "probable" as used in this connection furnishes *ratio argumenti* for defendant that it was error to allow the jury to speculate or conjecture as to the future damage that plaintiff might suffer.

Whatever doubt may be entertained concerning the correctness of this feature of the charge, when attention is directed solely to that portion of it, is entirely dispelled by the clarifying language of its conclusion, which enables us to say that the jury could not be misled by the language employed; and that as a whole it contains no injurious error. The rule concededly is that to entitle plaintiff to recover damage for future loss, consequent upon her injury, the damage must appear to be such as would, in the language of the authorities, be "reasonably certain" to result from the injury. *Yerkes* v. *Northern Pacific Railroad Co.,* 112 *Wis.* 184; see, also, 9 *Ann. Cas.* 1050.

This statement, however, is but a refinement of the well settled doctrine that in tort only such damage can be recovered as is the natural and probable result of the injury. 13 *Cyc.* 31, and cases cited; *Hale Dam.* 48, and cases cited.

The language of the court, taken together, could not well be misconstrued by the jury, and was in substantial accordance with the rule above stated.

Finding no error in the record, the judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vroom, Green, Gray, J.J. 14.

*For reversal*—None.