[No. 20731. Department Two. November 8, 1927.]

## J. T. CUSHMAN et al., Appellants, v. STANDARD OIL COMPANY OF CALIFORNIA, Respondent.[1]

[1] MUNICIPAL CORPORATIONS (383, 391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE AT CROSSING — QUESTION FOR JURY. The contributory negligence of the plaintiff in failing to observe "stop" signs at a street intersection, in compliance with a city ordinance, is a question for the jury, where the evidence as to whether the signs were washed out and visible at the time of the accident was conflicting.

[2] TRIAL (63)—DIRECTION OF VERDICT—POWER OF THE COURT. The court has no power to enter a judgment notwithstanding the verdict of a jury, where there was any evidence, or reasonable inference from the evidence, to support the verdict.

[3] APPEAL (406)—REVIEW—DISCRETION—DENIAL OF NEW TRIAL. The denial of a new trial because of inadequacy of the damages, in failing to allow anything for personal injuries will not be disturbed on appeal where there was evidence from which the jury may well have believed that no personal injuries were sustained.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 4, 1927, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in an action in tort arising from an auto collision. Reversed.

*Reynolds, Ballinger & Hutson* and *Lynwood W. Fix,* for appellants.

*Battle, Hulbert & Helsell, I. S. Crawford, Roberts & Skeel,* and *W. Truscott,* for respondent.

ASKREN, J.—Appellants brought this action for damages sustained when a collision occurred between their automobile and a truck of the respondent company. Both appellants claimed personal injuries, and there was also a claim for damage to their automobile. The jury returned a verdict in the sum of $387.96

---

[1]Reported in 260 Pac. 996.

damages to the car, but found no damages for the alleged personal injuries. The appellants moved for a new trial on all the statutory grounds, including that of inadequate damages. The court denied the motion. Thereupon respondent moved for judgment notwithstanding the verdict, which was granted, the action dismissed, and appeal perfected by appellants.

It is first urged that the court erred in sustaining respondent's motion. The record does not disclose the basis of the court's ruling, but it seems to be admitted that it was upon the ground that appellants were, as a matter of law, guilty of contributory negligence. This is said to be found in the evidence regarding the failure of appellants to bring their car to a stop before entering the street intersection. The accident occurred at the intersection of West 70th street and Third avenue, N. W. Neither street had been designated by ordinance as an arterial highway, but the city of Seattle had enacted ordinance No. 49,185, which reads as follows:

"Section 7. For the protection of life and limb, and for the regulation of traffic, the chief of police, with the approval of the board of public works, shall have authority to establish danger zones, and to use disks, standards, stanchions, semaphores, or signs, indicating such danger zones; and the removal or damaging of any such disk, standard, stanchion, semaphore or sign or any part thereof by any one without authority of the chief of police is hereby prohibited. It shall be unlawful to fail to comply with any instruction displayed upon any official sign placed upon any street or any public place open to the public for travel."

During the trial, the court held this ordinance to be an unlawful delegation of power, and refused to instruct that its violation was negligence *per se*. However, on respondent's motion for judgment, the court held the ordinance valid and ruled that, since certain

signs were placed in conformity with the ordinance on 70th street on which appellants were proceeding to the intersection, which read "stop, stop, stop," they were guilty of contributory negligence in not taking heed thereof and stopping their car. It was admitted that appellants did not stop their car. They claimed, however, not to have seen the signs, and one of them testified:

"I looked all around; I did not see it; I never went back to see if there was a sign across the pavement; if there had been one there, it was worn out; I did not see it."

Another witness, who operated an oil station at the intersection, testified:

"There was a stop sign painted on the pavement which was nearly washed out; it was very faint; the stop sign was painted there at one time, and by getting out and looking very carefully you could detect it."

There was much testimony on behalf of respondent to show that the stop signs were plainly visible. The testimony showed that these signs had been painted on the pavement in January, and then had been renewed in May, and that the customary time for renewal is from five to six months.

[1] We have detailed enough of the evidence to show that there was a conflict in the testimony upon the question of whether or not these signs could be seen by appellants when approaching the intersection in their automobile. It is unnecessary for us to here determine the question, persuasively argued by appellant, that the ordinance in question delegates legislative powers, and is therefore unconstitutional, for it seems plain that, conceding the ordinance to be lawful, it can have no application unless the signs were in such condition as to be seen by appellants. Whether the signs were so obliterated that they could not be

seen, either from wear or from the elements, was a question for the jury to decide, and we think that their verdict upon that question precludes our inquiry.

[2]   It may be that the preponderance of the evidence indicates that the signs could be seen. If so, the court would have been empowered to have granted a new trial if he thought the verdict contrary to the weight of the evidence, but it would not justify the court in holding, as a matter of law, that the signs were plainly visible. We have often said that a motion for judgment notwithstanding the verdict invokes no element of discretion, and can be granted only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence to justify the verdict. *Lydon v. Exchange National Bank*, 134 Wash. 188, 235 Pac. 27.

[3]   The next question presented by the record is this: Did the court err in denying the motion of appellants for a new trial upon the ground of inadequacy of the damages? It is argued here that both of the appellants received injuries, and that the jury, by specifically refusing to award them any damages, were actuated by passion and prejudice. A perusal of the record indicates facts from which the jury may well have believed that neither of the appellants suffered any injuries. The record is not conclusive, either as to their injury or lack of injury; but it was for the jury to say, and if the court, after hearing the testimony and seeing both appellants, did not see fit to interfere with the jury's finding upon that question, we do not see our way clear to do so either.

The judgment is reversed, with instructions to enter judgment on the jury's verdict.

MACKINTOSH, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.