JOHN A. MAY, PLAINTIFF-RESPONDENT, v. HOSSEY VAN BENSCHOTEN, DEFENDANT-APPELLANT.

Submitted January 25, 1935—Decided March 28, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *John J. Breslin, Jr.*

For the respondent, *J. Chester Massinger.*

PER CURIAM.

This is defendant's appeal from a judgment rendered on a verdict directed for the plaintiff. The suit was for twenty-one months' rent at the rate of $50 per month for a period beginning with the month of May, 1932, and including the month of January, 1934. The original letting was oral and from month to month. In May, 1932, the tenancy having then run for about five years, the defendant paid up a large amount of arrears, and in the present suit claimed that when that payment was made there had been a valid surrender terminating the tenancy. This was the issue of fact tried, and was the only issue of fact that was in dispute at the trial. There was no surrender in writing as contemplated by section 2 of the Statute of Frauds. *Comp. Stat., p.* 2610. The claim was of a surrender by operation of law. As to this the parties were the only witnesses. Defendant's testimony most favorable to him was to the effect that when paying up the arrears late in April, 1932, he told plaintiff that from May 1 he would have to get the rent from the other party (one

Ackerman, a subtenant of defendant), that defendant was through with the premises. "*Q*. Did he agree to that? *A*. Yes. *Q*. Did you have another conversation with him? *A*. At the time I paid him I told him I was through. By the court—What did he say to that? *A*. Well, he said 'you should have a place somewhere.' I said, 'I can't afford it.' "

Assuming this to indicate a "concurrence of the minds of the parties in the common intent of relinquishing the relation of landlord and tenant" (*Miller* v. *Dennis*, 68 *N. J. L.* 320, 323; 53 *Atl. Rep.* 394), it remained to show that the intent had been "executed by acts which are tantamount to a stipulation to put an end thereto." *Ibid.* Delivery and acceptance of possession seem essential, however, before there can be said to have been an execution of the surrender. No change of physical possession is shown in this case. No keys were delivered; the defendant failed to show even that he had vacated the premises completely. He claimed that Ackerman, the subtenant, had become responsible in his place, but Ackerman, in rebuttal, testified that he had a running account with defendant in which he had credited defendant with $25 a month, the agreed rent of the subtenancy, from May 1, 1932, to December, 1933, and defendant did not contradict this. In short, we fail on a careful examination of the evidence to find sufficient to make a complete case to go to the jury on the issue of surrender. The intent to accept a proffered surrender must be reasonably clear and unequivocal, or the logical and necessary result of the landlord's conduct. *Whitcomb* v. *Brant*, 90 *N. J. L.* 245, 247; 100 *Atl. Rep.* 175. No such result can be deduced from the evidence here.

It is also alleged for error that the trial court denied an application for a continuance because of an alleged absent witness. It is fundamental that the matter is one of discretion in the trial court, and that its ruling will not be reversed, except where it very clearly appears that the discretion has been erroneously exercised. *Heinz* v. *Atlantic Stages*, 113 *N. J. L.* 321; 174 *Atl. Rep.* 682. We see no reason for interfering in the matter. The "absent witness" was defendant's father. There had been a previous trial with a disagree-

ment of the jury. The father had not been sworn at the first trial. Counsel stated to the court, "I did not call him, because I did not think it was necessary. His proof would be corroboration of the statement * * * made by the plaintiff to the defendant."

There was nothing in the paper submitted as an affidavit to indicate what the father's testimony would be. Mere corroboration of defendant's testimony would be valueless on a motion to direct for plaintiff, as on such motion defendant's evidence is taken as true.

The leading case, if not the only one, on continuance because of an absent witness is the old case of *Ogden* v. *Gibbons*, 5 *N. J. L.* 519, 853*. The practice there indicated seems to be that on an "application for a first postponement" less particularity in stating the character of the expected testimony is required, than on a later application. But that was not a case of second trial after a disagreement, as here, where the same judge was presiding and reasonably made the point that the witness had not been called at the first trial. The paper submitted was a physician's certificate apparently sworn to before a notary public of Rockland county, New York, but the jurat attached was not as required by our statute (*Comp. Stat., p.* 3774, *pl.* 34) or practice. No venue appears on it, and there is nothing to show where it was sworn to. The judge was certainly not required to consider such an "affidavit," assuming for present purposes his power to do so. See *Gaddis* v. *Durashy,* 13 *N. J. L.* 324; *Perkins* v. *Collins*, 3 *N. J. Eq.* 482.

We can discern no error in the refusal to grant a continuance, and none in the direction of a verdict. These are the two points argued. The judgment is affirmed, with costs.