Louis J. Capozzoli, J.
The plaintiff, a young woman, sustained injuries as the result of a fall while walking along the sidewalk underneath a sidewalk shed which had been constructed alongside a building being erected by the defendant Irvmar Realty (-orp., as owner and general contractor. The jury found a verdict in favor of the plaintiff in the amount of $50,000.
The proof at the trial justified a finding that plaintiff suffered a fracture of the left fibula approximately one inch above the lateral malleolus, with tearing of the ligament which supports the ankle joint. The plaintiff claimed that as a result of this injury there is a permanent instability and a weakening of the ankle, which causes her to fall frequently. This condition was alleged to be permanent.. Another injury which plaintiff asserted she suffered was an impairment of hearing to the extent of 49% in one ear and 51% in the other car.
The accident occurred on February 19,1953. The plaintiff was then 21 years of age, and unemployed. The proof at the trial justified a finding that for many years prior to the accident plaintiff had been preparing for a singing career. Except for one month during which she worked as a file clerk, the plaintiff has never been employed, nor has she done any work for a living. She has devoted all of her time to music and operatic studies. She testified that she had learned 18 operas in which she was ready to perform definite roles. Her music teachers and operatic coaches testified at the trial that plaintiff had a most unusual voice, was fully trained and ready for an operatic career, and was due to make her debut in Europe within a short time after the accident. Proof further tended to show that, because of this accident resulting in the impairment of her hearing, she was unable to maintain her pitch, could not reproduce tones as she had been able to do prior to the accident and, all in all, she no longer possessed the singing ability which had been hers.
*40 During the trial there was objection by the defendant to the introduction of proof showing plaintiff’s training for her operatic career and the resultant damage caused to her by virtue of the loss of the quality of voice which she possessed prior to the accident. The court overruled the objection of the defendant and admitted this proof, at the same time fully realizing that there was a dearth of authority in this State on this particular question.
It is true that this last phase of the case presents a fairly novel question. However, as was said in the case of Industrial & Gen. Trust, Ltd. v. Tod (180 N. Y. 215, 231): “ The common law will not halt or surrender because the situation is novel and the ordinary methods of proving values are not available, but will resort to some practical means that will be just to both parties.”
It is true that while plaintiff did perform operatic roles in so-called workshops in which audiences were present, she never earned any money as an opera singer. From this fact, defendant argues that the amount of money plaintiff would have earned in her chosen field could not be definitely established by proof at the trial. Nevertheless, “ 1 when from the nature of the case the amount of the damages cannot be estimated with certainty, or only a part of them can be so estimated, no objection is perceived to placing before the jury all the facts and circumstances of the case having any tendency to show damages or their probable amount, so as to enable them to make the most intelligible and accurate estimate which the nature of the case will permit. ’ ’ ’ (Duane Jones Co. v. Burke, 306 N. Y. 172, 192.)
In the case of McDade v. Fuller Canneries Co. (259 App. Div. 809) the trial court charged as follows: “ You may consider the effect that the injury had on her ability to make the sculptures, plaques and other works of art that have been introduced into evidence. The only evidence of past earning capacity given in this case was the sale of a single picture frame to a store on 57th Street. You may consider, taking into account her failure hitherto to dispose of more than one product, her studies, intentions and capabilities in that field, as bearing on the question of whether she had any earning capacity and whether her present and future earning capacity has been impaired. ’ ’
A verdict for the plaintiff in this last-cited case was affirmed by the Appellate Division of this Department without opinion.
In the ease of Magee v. National Broadcasting Co. (270 App. Div. 754) the trial court charged as follows: “ There was testimony in this case as to the ability of the plaintiff as a soloist, as to her familiarity with music and the operas. You may consider *41 the effect that the injury had on her ability to sing again. You should consider too the evidence of her past earning capacity, her studies, her capabilities, and her intentions in the musical field, all as bearing on the question of whether she had any earning capacity and whether her present and future earning capacity has boon impaired.”
No criticism of this charge was made by the appellate court, although the amount of the verdict was reduced.
Although there is a dearth of appellate language on this specific point in our State, there are cases in other jurisdictions which sustain the plaintiff’s right to prove damage to her earning capacity because of the impairment of her voice.
In the case of Rhinesmith v. Erie R. R. Co. (76 N. J. L. 783) the plaintiff, who was cultivating her voice as a singer, claimed damages because of her inability to use her voice as formerly, becoming at times husky, hoarse and unable to reach high notes. The court charged that if those conditions existed, and were attributable to the defendant’s negligent act, the plaintiff was entitled to compensation. The appellate court held there was no error.
In the Massachusetts case of Halloran v. New York, New Haven & Hartford R. R. Co. (211 Mass. 132) a similar result was approved by the appellate courts. In the last-cited case the plaintiff had been studying music with the intention of becoming a singer for hire. She received injuries which resulted in an impairment of her voice. At the trial she was allowed to introduce evidence of her studies and intentions and of the injury to her voice. It was held by the appellate court that the evidence was admitted rightly as bearing on the question of impairment of the plaintiff’s earning capacity. (Also, see, Turrietta v. Wyche, 54 N. M. 5; Dafoe v. Grantski, 143 Neb. 344; Brink v. Kessler, 310 Pa. 506; Briscoe v. United States, 65 F. 2d 404.)
Another contention by the plaintiff was that the injury to her leg also affected her ability as an opera singer and performer because, in the course of said operas, the performer is called upon to shift positions suddenly and by reason of the weakness of her ankle she is often caused to fall.
In the face of the evidence, the jury had the right to award damages not only for the fracture of the leg, but also for the impairment of the earning capacity of the plaintiff as an opera singer and performer.
Under the circumstances, this court cannot say that the verdict is contrary to law, nor that it is excessive, and, therefore, the motion of the defendant to set aside the verdict is denied.