## No. 20859.

### Edgar Earl Blount *v.* Juan H. Romero, et al.
(401 P.2d 611)

Decided May 3, 1965.

James P. Moyers, Roger D. Hunt, for plaintiff in error.

Tarter and Tarter, for defendants in error.

*In Department.*

Opinion by Mr. Justice Frantz.

This action arose out of the collision of two automobiles at the intersection of Hancock Avenue and Fountain Street in the City of Colorado Springs, Colorado. At the close of the case, the court, upon motion, directed the verdict in favor of the Romeros and submitted the issue of damages to the jury, which awarded total damages in the sum of $16,641.20. Judgment in that amount, in addition to costs, was duly entered of record below. A motion for a new trial was denied, from which Blount pursues writ of error to this Court.

The facts disclose that Hancock Avenue was desigated a through or preferential street. A stop sign was erected to give notice of such designation and to stop traffic be-

fore entering Hancock Avenue from the direction Blount was traveling just prior to the collision. Blount did not stop before entering Hancock Avenue. He claimed that "a large tree in front of the stop sign, between [him] and the stop sign at the intersection obstructed [his] view of the stop sign." The investigating officer testified that the tree did not obstruct Blount's view of the sign.

Blount argues that, since there is conflict in the evidence, the lower court erred in directing the verdict.

With this proposition we agree. *Bailey v. King Soopers,* 142 Colo. 338, 350 P.2d 810; *Parker v. Denver,* 128 Colo. 355, 262 P.2d 553; *Swanson v. Martin,* 120 Colo. 361, 209 P.2d 917. It is only in the clearest cases, where the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one for the court.

But, did the circumstances present a justiciable conflict in the evidence? Notwithstanding the defendant's claimed obstructed view of the stop sign, is he charged with knowledge of the superior status of Hancock Avenue by reason of the city designating it as a favored street? There is conflict in the cases on this point. See 58 A.L.R. 1186.

We believe that the best reasoned cases on the question take the position that relative status of streets is dependent upon notice by posting of proper signs. "The constant purpose of laws and rules regulating the use of the roads is to prevent accidents and to expedite traffic insofar as speed is consistent with safety. Manifestly, the mere designation of a road as an arterial highway, as such action is placed of record in a state or county office, is not notice in fact to the traveling public. Warning signs have of recent years become very numerous, and are properly necessarily relied upon to give notice of physical facts which a driver should know." *Lyle v. Fiorito,* 187 Wash. 537, 60 P.2d 709. Quoted with approval in *Irvin v. Padelford,* 127 Cal.

App. 135, 273 P.2d 539. See also 2 Blashfields 1032, Note 5A, 58 A.L.R. 1186, 164 A.L.R. 210.

■ The annotator in 164 A.L.R. 210 states the law thus:

"[T]he fact that a motorist's view of a stop sign or other similar sign or marking was obstructed or that the sign or marking was itself obscure, faded, or illegible appears to be regarded in most instances as merely one of the circumstances to be considered by the trier of the facts in determining whether a motorist who disregarded it was negligent or not."

■ Regarding the contention that a motorist was obligated to know that he was approaching a favored street and hence that an obscured sign was immaterial in the matter of his duty to stop, the Iowa Supreme Court, in *Blessing v. Welding,* 226 Iowa, 1178, 286 N.W. 436, 6 N.C.C.A. (N.S.) 602, said:

"This, however, can hardly have been true. To so hold we must discard any consideration of the purpose of stop signs. The posting of signs, whether in cities or on the rural roads, is the only guide that motorists unacquainted with a vicinity can have in operating their cars."

■ A case currit quatuor pedibus is that of *Cushman v. Standard Oil Co.,* 145 Wash. 481, 260 Pac. 996, in which we find this instructive language:

"We have detailed enough of the evidence to show that there was a conflict in the testimony upon the question of whether or not these signs could be seen by appellants when approaching the intersection in their automobile. It is unnecessary for us to here determine the question persuasively argued by appellant that the ordinance in question delegates legislative powers, and is therefore unconstitutional, for it seems plain that, conceding the ordinance to be lawful, it *can have no application unless the signs were in such condition as to be seen by appellants.* Whether the signs were so obliterated that they could not be seen, either from wear or from the ele-

134

ments, *was a question for the jury to decide,* and we think that their verdict upon that question precludes our inquiry." (Emphasis supplied.)

We hold, therefore, that Blount, in the absence of other evidence, is not charged with knowledge of the superior status of Hancock Avenue merely by its designation. We do not say however, that he could not be so charged under a proper factual situation.

Blount has presented other issues of error, but agreed in argument that each depends upon the one key issue decided above. We need not, therefore, consider them. The judgment below is reversed with instructions to grant a new trial.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.