## No. 21951.

JAMES K. THOMPSON *v.* EDWARD TARTLER, A MINOR, BY
HIS FATHER AND NEXT FRIEND, JOHN TARTLER.
(443 P.2d 365)

Decided July 15, 1968.

248

BURNETT, WATSON AND HORAN, EDWARD R. GLEASON, for plaintiff in error.

FRANK A. BRUNO, ROBERT E. GOODWIN, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS lawsuit had its genesis in an automobile-bicycle collision which occurred at or near the intersection of First Avenue and Vine Street, Denver, Colorado, on July 29, 1960.

The plaintiff, Edward Tartler, a minor, through his father, recovered a judgment against James K. Thompson, the defendant. The defendant is here by writ of error challenging the validity of the judgment on five grounds. The parties will be referred to by name or in the capacity in which they appeared in the trial court.

■■ The court directed a verdict on the question of liability in favor of the plaintiff and submitted only the question of damages to the jury for its determination. The defendant claims error and calls our attention to

*Bates v. Stagg*, 157 Colo. 456, 404 P.2d 530, wherein we held that,

"* * * In considering the propriety of the action of the trial court wherein it granted Stagg's [plaintiff's] motion for a directed verdict the evidence under well-established rule must be viewed in a light most favorable to the defendants * * *."

We adhere to that ruling and also to the rule announced in *Blount v. Romero*, 157 Colo. 130, 401 P.2d 611, to the effect that it is only where the facts are undisputed and it is plain that reasonable and intelligent men can come to but one conclusion that the question is one of law for the court rather than one of fact for the jury.

■ A review of the record in this case shows the following, without contradiction as to any material fact:

First Avenue, so far as we are here concerned, is a six-lane divided thoroughfare running east and west between University Boulevard and Vine Street. At the critical time, the plaintiff, a lad of fourteen years, and a friend, Casaba Ko, sixteen years of age, were riding their bicycles on First Avenue. They were proceeding west in single file in the northernmost lane. The plaintiff was in the lead with Ko following at a distance of about fifteen feet. Ko heard a car behind him, glanced back and observed a car approaching. It was also traveling in the same lane. There was no other traffic between University Boulevard and Vine Street. Shortly, the car passed Ko, coming within one to two inches of his left handle bar. It then struck the plaintiff, knocking him to the pavement and dragging him a short distance, resulting in the injuries complained of.

The foregoing is gleaned primarily from the testimony of the plaintiff and Ko. However, the defendant did not deny what happened; he recalled very little of what occurred, was very vague, asserting that "I don't see yet how I could have come anywhere close to him. I don't know whether I caused the accident."

The defendant admitted that both boys were within the extreme right-hand lane; that he was, at least, partly within that same lane; and that there was no traffic in either the center or left-hand lane which would have prevented his use of those lanes.

The only material conflict arose from the defendant's denial that a dent in the right front fender of his automobile and scratches on the right side doors were the result of the collision with the plaintiff's bicycle; defendant's claim that he sounded his horn and the assertion by the boys that they did not hear the horn; the statement by the defendant that the boys were in the right-hand lane side by side, rather than tandem as testified to by the two boys; and some other conflicts as to how far and in what direction the defendant traveled after the collision.

Conceding the truth of defendant's version as to all conflicting evidence and of the reasonable inferences to be drawn therefrom, one can come to no other conclusion than that the defendant was negligent as a matter of law. The court did not abuse its discretion under the circumstances here. See, *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450; *Brent v. Bank of Aurora*, 132 Colo. 577, 291 P.2d 391; *Nelson v. Centennial Casualty Co.*, 130 Colo. 66, 273 P.2d 121; *The Monarch Mining & Development Co. v. DeVoe*, 36 Colo. 270, 85 P.633.

The traffic ordinances of the City and County of Denver applicable to the situation here provide that:

"The driver of a vehicle following another vehicle shall maintain such distance between such vehicles as will enable the driver of the following vehicle to avoid collision. In any prosecution for a violation of this Section, the fact that a vehicle collides with a vehicle which it is following shall be 'prima facie' evidence that such vehicle was following too closely." (Sec. 514.9)

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to

the right side of the roadway until safely clear of the overtaken vehicle." (Sec. 514.3-1)

■■ The responsibility imposed upon the defendant by these ordinances was obviously not met. The defendant was therefor negligent per se. He offered no defense, no excuse and no explanation. In fact, the evidence of negligence was so overwhelming that the court would have had to set aside a favorable verdict for the defendant had the jury so found.

■■ A second assignment of error reads:

"The court erred in not ordering a mistrial when the plaintiff's attorney asked a witness, 'Now did the boy ever tell you that he got a ticket?' "

The question was asked on redirect examination to clarify a statement from a treating physician's "history" purporting to record what the plaintiff had told him, which was brought out by the defendant's counsel on cross-examination of the doctor.

The defendant grounds his contention on C.R.S. 1963, 13-5-137, which states:

"No record of the conviction of any person for any violation of this article shall be admissible as evidence in any court in any civil action."

At the request of defendant's counsel, the medical witness read from his records the following:

"An auto hit him in the back and he got a ticket for reckless driving."

The statement is ambiguous as to *who* "got a ticket." For that reason it was proper to ask the question, inasmuch as *the plaintiff* did not receive a ticket from the investigating police officers. Furthermore, when the statement was read by the witness, defendant's counsel did not move to strike it, but was content to allow the jury to infer that it was the plaintiff who was given the ticket. Additionally, the facts do not bring the motion for mistrial within the ambit of the proscription of the statute, since the statement made no mention of a "conviction" nor was any effort made to introduce a "record

of the conviction of any person." There was no prejudice to the defendant; the court ruled correctly on this point.

■ Another error is assigned to the denial of a second motion for mistrial which arose out of the following cross-examination of the defendant:

"Q. Mr. Thompson, at this date, July 29, 1960, did you go to the home of Mr. John Tartler over there?

"A. Once.

"Q. Did you go there to ask how his boy was?

"A. I went there to get the number off of a bicycle.

"Q. Who sent you to get the number of a bicycle?

"A. The insurance Company."

The defendant's counsel did not object to the question which gave rise to the interjection of "insurance" into the case, nor did he move to strike the answer. At the conclusion of the cross-examination and after a recess, defendant moved for a mistrial because of the prejudice that might result from the interjection of "insurance" into the case. Inasmuch as the issue of liability was taken from the jury, and since the defendant does not claim that the verdict is excessive, it is most difficult to see how the defendant could have been, in anywise, prejudiced by the remarks. See *Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185; *Davis v. Roberts*, 155 Colo. 387, 395 P.2d 13.

Under the circumstances here, where the defendant's counsel made no effort to prevent or correct the error, if such it was, and where the subject of insurance came in through the lips of the defendant himself, a rule of law which would require a mistrial under these circumstances could only lead to mistrials in every case in which a defendant's liability was insured. To adopt such a rule could only lead to chaos. Consequently, we reject the proposition that error was committed.

The remaining assignments of error relate to instructions given or tendered by the defendant and refused by the court. We have examined those given and those tendered and refused and find that the instructions given

correctly state the law applicable to the case and that the statements of law in those tendered and refused were either covered in the court's instructions or were not applicable under the evidence in the case.

■ The defendant places great stress on the prejudice created by a portion of Instruction No. 8 given by the court. This deserves more than a brush in passing, since the issue which defendant raises does not seem to have been passed on by this court.

Instruction No. 8 relates generally to the assessment of damages. The second paragraph advised the jury that if the jury found that the injuries to plaintiff resulting from defendant's negligence "tend or do diminish his ability to play a musical instrument, you may consider this fact in assessing damages."

The evidence disclosed that the injured plaintiff had substantial musical talent; that he played several musical instruments; that he was concentrating his efforts, both in study and practice, to perform professionally on the accordion; that his goal was to become a concert accordionist; that at the time of the trial, five years after the accident, there was atrophy, tenderness and nerve root involvement of the muscles of the left shoulder and a weakness of the grip of the left hand.

Defendant's contention is that in singling out the diminished ability of plaintiff to play a musical instrument, "extraordinary" importance was placed upon this phase of the evidence. The defendant relies solely upon *Stahl v. Cooper,* 117 Colo. 468, 190 P.2d 891, asserting that "this court held that singling out one portion of a general instruction as being of extraordinary importance is error."

*Stahl* was an automobile-pedestrian case. In *Stahl* the trial court in one instruction set forth the applicable city ordinances relating to "Pedestrians' Right of Way," "Lights and Brakes," "Reckless Driving" and "Careless Driving and Speeding." Subsequently, after giving other instructions, the court returned to the ordinance on

pedestrians' rights when in a crosswalk and, in effect, held that there was, under the facts of the case, absolute liability on the part of the automobile driver. This court disagreed with the trial court as to that being a correct statement of the law but, in disposing of the matter, made the statement "that it singles out the right of way ordinance specially as though it were of extraordinary importance."

It is the last quoted statement from *Stahl* which defendant relies on here. We do not believe that *Stahl* has any application to our situation here; first, because the language objected to is a portion of the only instruction given on damages, and consequently does not tend to give the quoted language undue emphasis; second, because it is dictum in view of the fact that the instruction was held not to state the law; and, lastly, because the portion of the instruction to which objection is here made correctly states the law.

The plaintiff, on the other hand, relies on *Rhinesmith v. Erie R. Co.*, 76 N.J.L. 783, 72 A. 15, and *Grayson v. Irvmar Realty Corp.*, 12 Misc.2d 38, 173 N.Y.S.2d 71, *aff'd*, 7 App.Div.2d 436, 184 N.Y.S.2d 33, and the cases cited in both opinions, which decisions relate directly to the present problem.

The attacked portion of the instruction falls squarely within the well settled doctrine that in tort the injured party may recover such damages as are the natural and probable result of the injury sustained by virtue of the tortious act, including loss of future earnings. *King v. Avila*, 127 Colo. 538, 259 P.2d 268; *Boyle v. Bay*, 81 Colo. 125, 254 P. 156; also see Restatement of Torts, §§ 905, 906, 910, 912 and comments.

We find no error in the record of such prejudicial nature as to require a reversal.

The judgment is affirmed.