[No. 16742. Department One. January 27, 1922.]

E. R. PATTERSON, *Appellant*, v. OREGON-WASHINGTON
RAILROAD & NAVIGATION COMPANY *et al.*,
*Respondents.*[1]

RAILROADS (64)—ACCIDENTS AT CROSSINGS — NEGLIGENCE — CON-
TRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The question of plain-
tiff's contributory negligence in attempting to drive an automobile
over a railroad crossing on a city street at a time when a train
was approaching is one for the jury and not for the court, where
plaintiff relied upon the crossing flagman for warning, which was
not given in sufficient time, and in addition had taken some pre-
cautions for his safety, and had not heedlessly driven upon the
track.

Appeal from a judgment of the superior court for
Lewis county, Clifford, J., entered April 7, 1921, in
favor of the defendants, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an ac-
tion for personal injuries sustained in a collision be-
tween an automobile and a train. Reversed.

*C. A. Studebaker* and *Forney & Ponder*, for appel-
lant.

*Bogle, Merritt & Bogle*, for respondents.

TOLMAN, J.—This is another of the all too frequent
railroad crossing cases. Appellant sued to recover for
personal injuries received by him in a collision be-
tween a passenger train operated by respondent and
an automobile driven by himself. The accident oc-
curred on August 8, 1920, in the city of Chehalis, at a
place where one of the principal streets crosses re-
spondent's main line tracks. The case was tried to a
jury, and a verdict rendered in appellant's favor for
$12,000. On respondent's motion for judgment *non*

[1]Reported in 203 Pac. 931.

*obstante veredicto,* the verdict was set aside and the action dismissed, from which result this appeal was taken.

The evidence was conflicting upon almost every point involved in the case, and to give a true picture of the situation would require a long and somewhat intricate statement of the evidence, which, in the light of the conclusion we have reached as to the law applicable, we deem unnecessary. It is sufficient to say that there was evidence from which the jury might have found that the appellant, at the time in question, was driving a Ford roadster down a slight grade toward the railroad crossing; that there were certain obstructions to his view to the north, from which direction the train was approaching; that only at particular places was the view unobstructed for any considerable distance. There was a flagman stationed at the crossing whose duty it was to warn travelers on the street of approaching trains. Appellant approached the crossing at a moderate or slow speed. At various times and places, he and his companion riding with him looked both north and south and listened for approaching trains, but saw and heard nothing. At one place where appellant looked he estimated he could see to the north for 500 feet, but no train was in view at that time. Thus approaching the crossing, appellant saw the flagman to his right on the east side of the street with his flag under his arm, talking to some men. Seeing the flagman apparently thus in a position to discharge his duties, and having seen and heard nothing of an approaching train, appellant threw his clutch into high gear, speeded up and proceeded to cross the tracks, but as he nearly reached the first or north-bound track, the flagman ran toward him and gave a stop signal. Appellant immediately threw on his brakes hard, and

his car skidded and came to a stop with the front wheels on the south-bound track. The train was then about 150 feet from him approaching rapidly, and though he tried to back off the track, before he could do so, the train struck his automobile, resulting in the injuries complained of.

Respondent attempts to demonstrate by the physical facts that, if appellant had looked when he should, at intervening points between or beyond the obstructions mentioned, he must have seen the approaching train in time to have avoided the accident; but there are two sufficient answers to this contention: First, the speed of both the train and the automobile was based upon estimates only and the measurements are more or less disputed; hence, under the rule announced in *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, this is not a yard-stick case; and secondly, and more certainly, this case comes under the rule laid down in *Ray v. Hines, ante* p. 530, 203 Pac. 929. It appearing that appellant relied upon the flagman for warning, took some precautions in addition for his own safety, and did not heedlessly and blindly drive upon the tracks, knowing the train was approaching, the question of respondent's negligence and appellant's contributory negligence may not here be decided as a matter of law, but were for the jury to determine. The recent case of *Swanson v. Puget Sound Elec. R., ante* p. 4, 202 Pac. 264, lends support to this position.

We conclude that the learned trial court erred in granting the motion for judgment *non obstante veredicto,* and the case is remanded with directions to pass upon the motion for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.