[No. 26167. Department Two. June 10, 1936.]

CHARLES J. DUMBOLTON, *Appellant*, v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY *et al.*, *Respondents.*[1]

[1]Reported in 58 P. (2d) 806.

*Henry W. Parrott* and *Hovey & Anderson,* for appellant.

*Hayden, Merritt, Summers & Bucey,* for respondents.

BEALS, J.—East Marginal way, for some distance south of Spokane avenue, in the city of Seattle, is a wide north and south street, consisting of two twenty-foot strips of pavement on either side of an unpaved area. At the time of the accident hereinafter referred to, there was located, on East Marginal way, a switching track, maintained by defendant Oregon-Washington Railroad & Navigation Company. At different places, branch switching tracks crossed the easterly pavement at an angle.

About eight o'clock on the morning of February 13, 1934, plaintiff, Charles J. Dumbolton, was driving his truck, which, with others, was engaged in hauling large concrete blocks northerly along East Marginal way. There was much fog, and the truck was moving at from twelve to fifteen miles per hour, with lights shining. At the same time, an engine belonging to defendant corporation, operated by defendant Frank Gates, was crossing the portion of the roadway on which plaintiff was proceeding. Plaintiff, although he testified that he was keeping a careful lookout, did not see the locomotive until he was so close thereto that when he applied his brakes, his truck skidded and collided with the engine, which continued across the pavement, dragging the truck alongside. Plaintiff suffered injuries for which he sued, together with a demand for damages to his truck.

The action was tried to the court, sitting with a jury, and at the close of plaintiff's case defendants challenged the sufficiency of the evidence upon the ground that no negligence on the part of defendants' agents

was shown, and that it appeared from the evidence offered by plaintiff that all injury and damage suffered by him was caused by his own negligence. The trial court sustained the challenge and entered judgment dismissing the action, from which judgment plaintiff has appealed.

Two questions are presented on this appeal: First, does appellant's evidence show that any negligence on the part of respondents proximately caused appellant's injuries; and second, should it be held from the evidence, as matter of law, that appellant was guilty of negligence which proximately contributed to the accident? As we are convinced that the second question must be answered in the affirmative, the first proposition will not be considered.

■ Appellant argues that under the law of this state (Rem. Rev. Stat., § 2528 [P. C. § 9091]), it is a misdemeanor to drive a locomotive across a traveled road or street without ringing the bell or sounding the whistle. By its terms, this section is not applicable to street crossings in cities, and is therefore not controlling here.

It was admitted that, by § 59 of ordinance No. 53223 of the city of Seattle, it was provided that

"No person shall move, operate or propel any locomotive across or upon any street unless at least two men are actually stationed thereon for the operation thereof and for giving proper warning for safety of persons upon the street,"

but in the record before us we find nothing which renders this ordinance material, nor is the point argued in appellant's brief.

■ Appellant testified that the engine, when he first saw it, was within thirty or forty feet of his truck, backing across the pavement; that after the collision, the engine stopped partly on and partly off the pave-

ment; that his truck ran into the engine, and not the engine into the truck. Appellant had turned one of his headlights to such an angle that it shone on the curb to his right. The engine was on the pavement, moving slowly across, diagonally from right to left, as appellant approached it.

Appellant was an experienced truck driver, had driven his truck over the particular portion of the highway in question half a dozen times each day for about a week preceding the accident, and knew that there were several tracks crossing the roadway. On the morning of the accident weather conditions were bad. It was foggy, and the pavement was wet and slippery. Appellant's truck was carrying a very heavy load, which would render it difficult to effect a sudden stop. Appellant drove his heavily laden truck at from twelve to fifteen miles per hour, the visibility being extremely poor, with the result that, when he saw the engine ahead of him, he was unable to stop before colliding therewith. The engine stopped within a very short distance, part of it being still upon the pavement.

Under the decisions of this court, it must be held, as matter of law, that appellant was guilty of such contributory negligence as bars any recovery on his part. While appellant testified that he had never seen any trains upon the switching tracks, he knew that the tracks were there, and, as we have repeatedly held, a railroad track is in itself a warning of danger. *Haaga v. Saginaw Logging Co.*, 169 Wash. 547, 14 P. (2d) 55; *Spokane County v. Great Northern R. Co.*, 178 Wash. 389, 35 P. (2d) 1. In the case of *McFadden v. Northern Pacific R. Co.*, 157 Wash. 437, 289 Pac. 1, the plaintiff, as administratrix, sued for damages on account of the death of her husband, who was killed in a collision between the automobile which

he was driving and a train of cars operated by the defendant. In the course of its opinion, the court said:

"The person injured by colliding with the train was familiar with the highway and its surroundings and conditions. He knew of the presence of the railroad crossing, and knew, or was in duty bound to know, the uses that were made of it. He knew that there were no lights, bells, or warning signals of any kind to indicate the location of the crossing tracks, and knew that the tracks were continuously used. To pass over it when the visibility was such that he could not see a train upon it until he was too close to it to avoid running against it, is, in this situation, such contributory negligence as will prevent a recovery."

We have recently held that one driving through fog is held to a high degree of care, and is barred from recovery for damages resulting from a collision with some object on the road, unless he was proceeding with due caution. *Eldredge v. Garrison,* 184 Wash. 687, 52 P. (2d) 1240. The case of *Meyer v. Miller,* 184 Wash. 393, 50 P. (2d) 1018, should also be read in this connection.

Under the rule laid down in the authorities cited, it must be held that appellant was guilty of negligence which proximately contributed to the damages which he suffered, and the judgment appealed from is accordingly affirmed.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.