## ROBISON v. NORTHERN PAC. RY. CO.
### No. 216.

District Court, E. D. Washington, N. D.
April 8, 1943.

---

[28] Gen. 7:24; 8:3.

[29] Gen. 8:14, 10.

Bernard L. Swerland and Lester Edge, both of Spokane, Wash., for plaintiff.

Cannon, McKevitt & Fraser, of Spokane, Wash., for defendant.

SCHWELLENBACH, District Judge.

■ Defendant's motion for judgment notwithstanding the verdict of the jury, is based exclusively upon its claim of contributory negligence upon the part of plaintiff's decedent. The collision in which plaintiff's husband was killed occurred on a bright, sunshiny summer afternoon at a country crossing with which the deceased was not familiar. He was driving his automobile and was accompanied only by his son who had no definite knowledge concerning the collision. This was due to the fact that the boy was lying in the back seat of the automobile having become ill a short distance from the point where the accident occurred. The highway cut across the railroad track at right angles. On either side of the highway, the railroad right of way went through farming property, grasses on which obscured vision of the track itself. They did not, however, obscure the view of an approaching train for a considerable distance. At the point where the railroad track crossed the road, the rails were practically flush with the road and not discernible by the driver of an automobile until he had come almost upon them. At the right hand side of the highway, at the proper point, the defendant had constructed and maintained the standard railroad crossing sign. Beyond the point where the railroad track crossed the road, the road itself proceeded on an upgrade to a point where it intersected a regular state highway. The pictures introduced in evidence by both the plaintiff and the defendant reveal a situation from which it might reasonably be concluded that a person unfamiliar with the road and with no knowledge of the point where the track crossed the road might very well have concluded that the railroad track crossed the road at a point a considerable distance from that at which it actually did cross. These pictures were introduced in evidence and must be seen in order to appreciate the situation which cannot be described understandingly without reference to them. So far as defendant's negligence was concerned, the case was sub-

mitted to the jury exclusively upon disputed testimony as to whether or not defendant's employees had given the required crossing signal. On that point, defendant concedes that the verdict of the jury is conclusive against it. Deceased ran his car at a rate of speed between forty and fifty miles per hour which would not have been excessive had it not been for the presence of the railroad track. The statute upon which defendent relies—§ 6360—104, Rem.Rev.Stat. of Wash.—requires that a person driving an automobile shall, upon approaching the intersection of any public highway and a railroad crossing, reduce the speed of such vehicle to a rate of speed not to exceed that at which, considering the view along the track in both directions, such vehicle can be brought to a complete stop not less than ten feet from the nearest track in the event of an approaching train. Defendant contends that the failure of deceased so to control his car as to comply with the statute constituted contributory negligence as a matter of the law and that such negligence brings this case within the rule so frequently quoted by the Supreme Court of the State of Washington as laid down by that court in Mouso v. Bellingham & N. R. Co., 106 Wash. 299, 179 P. 848, 850, in the following language: "While this court has often held that the question of contributory negligence would not be taken from the jury and decided as a matter of law unless the commission or omission of the acts as shown were so palpably negligent as to preclude the possibility that reasonable men might differ concerning them, yet in a case like this, where the physical facts are uncontroverted, and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ."

The question posed by this motion is whether I properly submitted this case to the jury in the face of the warning of the presence of a railroad crossing by means of the standard crossing sign and the approach of the train which must have been visible to the deceased. I submitted it on the basis that it might reasonably be concluded that, because of his lack of familiarity with the crossing, failure of the defendant to give the crossing signal, and the confused situation at the crossing, the deceased, under all the circumstances, might reasonably have been justified in believing that the crossing was a considerable distance away from the point where it actually existed.

The State Supreme Court came remarkably close to answering the precise question in its decision in the case of McFadden v. Northern P. R. Co., 157 Wash. 437, 289 P. 1, 2. The confusion in that case was the result of fog. The Supreme Court upheld the action of the trial court in sustaining a challenge to the sufficiency of the evidence but, in doing so, used the following language:

*"It is no doubt true that a traveler upon a public highway, having no knowledge of its condition, other than that which is apparent to him, may use it in the ordinary and usual way in the faith and belief that no obstructions have been placed therein without adequate and sufficient warning of their presence. Hence, if he, while so using it, unknowingly approaches a railroad crossing at which a train is crossing, which is guarded with nothing more than the usual crossing signs, and the visibility is such that he cannot see it until he approaches so closely that he cannot avoid striking it, he might not be guilty of contributory negligence."*

It is true that the foregoing language is probably obiter. However, the applicability of the language to my problem here becomes apparent when it is considered in connection with the ground upon which the Supreme Court based its decision in that case. And, in the next paragraph, we find this language: "But this was not the situation presented here. The person injured by colliding with the train was familiar with the highway and its surroundings and conditions. He knew of the presence of the railroad crossing, and knew, or was in duty bound to know, the uses that were made of it. He knew that there were no lights, bells, or warning signals of any kind to indicate the location of the crossing tracks, and knew that the tracks were continuously used."

Since the Supreme Court of the United States has said in following Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that "the federal court was not at liberty to undertake the determination of" the "question on its own reasoning independent of" the state court, Fidelity Union Trust Co. v. Field, 311 U.S. 169, 178, 61 S.Ct. 176, 178, 85 L.Ed. 109, and that "state law is to be applied in the federal as well as the state

courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule." West v. American Tel. & Tel. Co., 311 U. S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, the importance of the foregoing language in the McFadden case is apparent.

██ As in all states, the reports of the Washington State Supreme Court are filled with railroad crossing cases passing upon the question of when contributory negligence should be submitted to the jury and when it should be taken from the jury and decided as a matter of law. It is impossible to classify or card index these decisions. In considering this motion, I have re-read and re-studied every Washington State crossing case decision in which, in my opinion, the facts bore any relation to the facts involved here. There are certain established principles which run like a current through all of the decisions. "A victim of an accident is entitled to have his conduct judged by the circumstances surrounding him at the time of the accident by the conditions as they appeared to one in his then situation, and, if his conduct when so judged appears to be that of a reasonably prudent person, he cannot be said to be guilty of negligence." Hull v. Seattle, R. & S. R. Co., 60 Wash. 162, 110 P. 804, 806. This language is quoted in a number of later decisions. The last recognition of the rule was in Byerley v. Northern Pac. R. Co., 11 Wash.2d 604, 607, 120 P.2d 453. When the negligence of the defendant consists of the failure to give the proper and customary signals of warning that "negligence becomes little short of a controlling factor in determining whether or not" plaintiff "was guilty of contributory negligence in acting as he did." Hines v. Chicago, M. & St. P. R. Co., 105 Wash. 178, 184, 177 P. 795, 797. This doctrine also runs through to Byerley v. Northern Pac. R. Co., supra [11 Wash.2d 604, 120 P.2d 459], where the court used this language: "Also, in several, if not all of the cases, there was a conflict in the evidence as to whether any warning signal was given by the approaching train, either by blowing a whistle or ringing a bell. In these cases we held that it became a question for the jury to determine, as to whether or not the driver of the vehicle was guilty of contributory negligence." Safety statutes should be given a reasonable and workable construction. In its most recent railroad crossing decision, Schofield v. Northern Pac. R. Co., 13 Wash.2d 18, 123 P.2d 755, the Washington court, although it found it inapplicable in that case, recognized this rule and cited in support of it the following: Colvin v. Auto Interurban Co., 132 Wash. 591, 232 P. 365; Cushman v. Standard Oil Co., 145 Wash. 481, 260 P. 996; Lyle v. Fiorito, 187 Wash. 537, 60 P.2d 709; Baldwin v. Washington Motor Coach Co., 196 Wash. 117, 82 P.2d 131. In the case of Colvin v. Auto Interurban Co., supra, the plaintiff had violated the statute by failing to pull his truck, when stopped upon the highway, entirely off the pavement. The court held that this failure was not such contributory negligence as to defeat recovery because the failure could be explained and excused under the circumstances. In the Cushman case, supra, the automobile driver drove over stop signs painted on the surface of the road in violation of an ordinance which made stopping thereat mandatory. It was held that the question whether the failure to stop should prevent recovery, in view of the fact that there was a conflict in the evidence as to whether the signs were discernible, was a question of fact for the jury. In the Baldwin case, supra, the State Supreme Court quoted with approval language from 45 C. J. 732, to the effect that statutes are to be reasonably construed and that a statute may be modified by the peculiar circumstances of the particular case.

The rule that a jury should be permitted to take into consideration the confusing circumstances surrounding the accident and judge the facts upon the basis of the circumstances as viewed by decedent is best exemplified by the case of Swanson v. Puget Sound Electric Ry., 118 Wash. 4, 202 P. 264. There the view of the plaintiff's decedent of the approaching train was obscured by the railroad company's shelter house. The accident occurred at night and the defendant vigorously contended that the fact that the driver's view was obscured did not excuse him from contributory negligence because the powerful headlights of defendant's train cast a glare many hundred feet ahead which should have sufficiently warned the driver of the approaching train. However, in that case, another railroad company owned tracks one hundred ten feet beyond the tracks of the defendant. The Supreme Court said that plaintiff's decedent might well have thought the headlights were on a train from the

other track rather than from a train on the track of the defendant.

In this case, we have two factors; first, the failure of defendant to give the warning signal and, second, the situation which might have tended to have confused the deceased who lacked familiarity with the crossing. As I have indicated, I have attempted to review all of the pertinent Washington State railway crossing cases. Unquestionably, these decisions are in conflict. No reconciliation between all of them can be made. There are cases in which the plaintiff has been found guilty of contributory negligence as a matter of law despite the failure to give the crossing signal. There are cases where the Supreme Court has refused to permit the explanation for the failure of a plaintiff unfamiliar with the crossing to obey safety statutes on the ground of confusion created by the situation. However, so far as I have been able to find, there is no case where these two factors existed in combination, in which the Washington State Supreme Court has held that the situation justified taking the question of contributory negligence from the jury. The only indication away from that conclusion is contained in the case of Morris v. Chicago, M. St. P. & P. R. Co., 1 Wash.2d 587, 97 P.2d 119, 124, 100 P.2d 19. There, however, the driver's confusion was caused by his own overloading of his hay truck concerning which the Court said: "It seems to us, the obstruction having been caused by deceased, he, realizing such to be the case, must be held to a higher degree of care in approaching a railroad crossing, in order to determine whether or not he could safely cross, because of the condition for which he himself was responsible, than would otherwise be required." In view of this fact, I do not believe that I would be justified in concluding that the Morris case indicates any intention upon the part of the State Supreme Court to deviate from the practice of requiring submission to the jury of those cases in which the combination of the two situations occur. Particularly is this true in view of the language in the later Byerley case which I have previously quoted.

There are two other cases which might be grouped in the "confusion" class in which contributory negligence as a matter of law was found. In each, the confusion resulted from fog. However, in each, the emphasis placed by the court upon the fact of the drivers' familiarity with the dangers involved in the crossings negatives the value of each of them in determining the question here. The first of these is Keene v. Pacific Northwest Traction Co., 153 Wash. 310, 279 P. 756. The court used this language: "The appellant * * * had lived close to the crossing for some 4 years, had been in the fuel business for 2½ years with his place of business within 300 feet of the crossing, and crossed at the crossing frequently * * *. The appellant was perfectly familiar with the surroundings. He knew of all of the obstructions which obscured the view of approaching trains, and knew of all of the hazards to which such obstructions gave rise." The other case is Dumbolton v. Oregon-Washington R. & Nav. Co., 186 Wash. 433, 58 P.2d 806, 807. Here, again, the Supreme Court stressed the familiarity of the driver with the crossing. It said: "Appellant was an experienced truck driver, had driven his truck over the particular portion of the highway in question half a dozen times each day for about a week preceding the accident, and knew that there were several tracks crossing the roadway. * * * While appellant testified that he had never seen any trains upon the switching tracks, he knew that the tracks were there, and, as we have repeatedly held, a railroad track is in itself a warning of danger."

The defendant relies upon five cases. In none of them do we find the combination of circumstances involved here. In each of them, the familiarity of the driver with the railroad crossing is stressed. In Woolf v. Washington R. & Nav. Co., 37 Wash. 491, 79 P. 997, 998, the crossing was open and the view was unobstructed. There was no element of confusion. "The deceased had lived in that neighborhood four years or more, and was thoroughly familiar with the crossing, and the conditions surrounding the same." In the case of Golay v. Northern Pac. R. Co., 105 Wash. 132, 177 P. 804, 806, 181 P. 700, the State Supreme Court also emphasized the plaintiff's familiarity with the situation and said this: "He was familiar with the situation, knew that the passenger train was due about that time, knew that the freight train standing on the side track was awaiting the passing of a passenger train." In the case of Bowden v. Walla Walla Val. R. Co., 79 Wash. 184, 140 P. 549, the State Supreme Court, after discussing the facts, said this: "These are not facts discovered for the purpose of testimony in this case, but facts which had been within the knowledge of the re-

spondent Joseph H. Bowden for some time, as he crossed at this point every afternoon, and knew it and its surroundings well." Mouso v. Bellingham & N. R. Co., 106 Wash. 299, 179 P. 848, 849, is also a case in which the knowledge of the plaintiff's driver was emphasized by the State Supreme Court. It used this language: "The truck was being operated by an experienced truck driver, fully familiar with all of the surrounding conditions, who had driven a truck across this particular track ten or a dozen times a day for some time previous to the accident." In this case, there was no failure to give a warning signal and no circumstances which might have confused the driver. The last case upon which defendant relies is Benedict v. Hines, 110 Wash. 338, 188 P. 512, 513. The accident here occurred at a particularly dangerous crossing in the town of Tenino where four railroad tracks crossed the highway at grade and at right angles. Box cars north and south of the crossing obscured the view until the driver on the highway had crossed the west side track. The Supreme Court said: "The deceased was familiar with the crossing. He had lived 17 years in the vicinity. Tenino was his trading place, and for the last 10 years in going to and returning from town he passed over the crossing. * * * In this case, it must be taken for granted the decedent knew this double track railroad at that time bore the extensive traffic of three important railroad systems. * * * Well understanding the amount of traffic and the danger of the crossing, the deceased proceeded at an even speed along the roadway and into the zone of danger, through the break in the string of box cars, without having his automobile under control, so as to check it, until it reached the third track; * * *. It was a case of taking a chance rather than exercising precaution." I have pointed out the familiarity angle in the five cases upon which defendant relies, not because I believe that they indicate an intent upon the part of the State Supreme Court to hold that one unfamiliar with the crossing can never be guilty of contributory negligence but simply to indicate the importance that element assumed in the court's decisions in each of these cases. Certainly the emphasis placed upon that factor by the State Supreme Court makes the decisions upon which defendant relies of little help in arriving at the proper answer to my question here.

Frankness compels me to state that I view this as a border-line case in which a ruling either way might well be justified. However, feeling as I do that it is my duty in this type of case to determine not what the law should be but what it is, as asserted by the Washington Court, I am convinced that this motion must be denied.