[No. 30087. Department One. April 1, 1947.]

C. W. NICHOLSON et al., Respondents, v. E. H. NELSON et al., Appellants.[1]

[1]Reported in 178 P. (2d) 739.

*Metzger, Blair, Gardner & Boldt,* for appellants.

*Rex S. Roudebush,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment rendered in favor of the plaintiffs in the amount of $1,466.46, in an action tried to the court.

The action was for damages to the car of the plaintiffs and for personal injuries sustained by the plaintiff wife, as the result of a collision between plaintiffs' car and the defendants' truck. Plaintiffs alleged negligence in that defendants parked their truck on a city street in Tacoma in the nighttime, and failed to provide a taillight on the rear of the truck. As an affirmative defense, defendants alleged that plaintiffs' damage was not caused by defendants' negligence, but wholly from the negligence of the plaintiffs in the following respects:

(1) Operating without sufficient or adequate lights.

(2) Failing to keep a proper, or any, lookout.

(3) Operating a vehicle when its windshield was obstructed so as to reduce and diminish visibility.

(4) Operating at a dangerous and excessive rate of speed.

(5) Failing to drive in that portion of the street used for the normal course of traffic, and in failing to seasonably turn their automobile so as to avoid colliding with defendants' truck.

(6) Operating with insufficient and inadequate brakes.

(7) In driving after drinking intoxicating liquors.

Seven assignments of error are raised, and of them, appellants state in their brief:

"All assignments of error raise the single question: Under the evidence, were respondents guilty of contributory negligence, either as a question of fact or as a matter of law"?

■ This action having been tried to the court, the findings of the court will not be disturbed unless the evidence clearly preponderates against them. *McLean v. Continental Baking* Co., 9 Wn. (2d) 176, 114 P. (2d) 159; *Schouten v. Jacobs,* 26 Wn. (2d) 798, 175 P. (2d) 627.

On the evening of December 22, 1945, the respondents were at a gathering at Nicholson's brother's home in Ta-

coma. It was a welcome-home party for his sister-in-law's brother just home from the navy. The only testimony concerning liquor was that they had three quarts of beer between five of them. Each person had two or three glasses. This was before 11:30 p. m., when they had sandwiches and coffee. The respondents left the house about 1:30 a. m. and proceeded home. They testified that it was a very dark night, raining, more of a misty, drizzling rain. There was no fog. The streets were wet. There was rain on the windshield, and the swipe would wipe it off.

That same evening, appellant Sutherland had parked his flat-bed truck between two trees on the north side of south Seventh street, between south Anderson and Pine, headed toward Pine. There was no foliage on the trees, but the branches extended out over the street. The truck was between twenty and twenty-two feet long and seven feet eleven inches wide.

The flat-bed was about four feet from the ground, and extended twelve or thirteen feet to the rear of the cab. Sutherland did not leave the taillight burning, but the truck had two four-inch reflectors on the rear, at each end. South Seventh street is thirty feet wide. From the center of south Anderson street to the center of Pine street is a distance of 286.6 feet. There are standard street lights on the southwest corner and the northeast corner of south Seventh and south Anderson. There is another light on the corner of south Seventh and Pine. However, because south Seventh jogs to the right at this intersection, this light appears, to a person traveling west, to be at the center of the street.

As respondents were proceeding home in their 1935 Ford sedan, they crossed Anderson street and were headed west toward Pine street on south Seventh. The car had good lights, ordinarily lighting objects several hundred feet ahead. But this night, because of the rain, they could only see approximately one hundred feet. The brakes were in order. They were driving about fifteen miles per hour and could have stopped within thirty feet, when, without warning, they crashed into the back of appellant's truck. About two thirds the length of the hood was jammed under the

bed of the truck in such a manner that it was necessary, the next day, to jack up the rear end of the car to get it out from under the truck.

Broken glass from the windshield cut Mrs. Nicholson's face, causing severe pain and resulting in scars which will necessitate plastic surgery.

Mr. Nicholson testified that the truck was parked at least a foot from the curb, and that he could not see it because of its dark color and because it was a flat-bed type, which tended to blend into the night perfectly. He admitted he realized that cars are parked on residential streets at night; that there were no cars coming from the opposite direction; and that he did not see the two rear-end reflectors, although he drove square into one of them and smashed it. He also testified that he was driving on the right side of the street, about six feet from the curb, and that to avoid hitting the truck, he would have had to deviate two to four feet from the course in which he was traveling.

Appellants rely on our decisions in *Meyer v. Miller,* 184 Wash. 393, 50 P. (2d) 1018; *Reincke v. Tacoma R. & Power Co.,* 138 Wash. 304, 244 Pac. 577; *Williams v. Cowlitz County,* 177 Wash. 218, 31 P. (2d) 84, 36 P. (2d) 1119; *Graves v. Mickel,* 176 Wash. 329, 29 P. (2d) 405; *Eldredge v. Garrison,* 184 Wash. 687, 52 P. (2d) 1240; *Dumbolton v. Oregon-Washington R. & N. Co.,* 186 Wash. 433, 58 P. (2d) 806; *Ebling v. Nielsen,* 109 Wash. 355, 186 Pac. 887; *Jaquith v. Worden,* 73 Wash. 349, 132 Pac. 33.

All of these cases, except the latter, involved driving in either rain or fog, and, in each case, it was held that the plaintiff could not recover because of his or her negligence, as a matter of law, which contributed proximately to the accident.

■ Each case must be decided upon its own particular facts. A driver of an automobile must use that degree of care for his own safety which the particular circumstances require. The thicker the fog, the heavier the rain, the more complex the traffic, the more alert the driver must be. But this does not mean that a driver of an automobile is required to anticipate that every other user of the highway will dis-

obey the law. The test is: Did he, under the circumstances, act like a reasonably careful, prudent driver, having due regard for his own safety and the safety of others?

The trial court found, in its oral decision at the close of the case:

"It is true a trifle different situation arises now than existed at the time of the challenge to the sufficiency of the evidence, the motion for a directed verdict, to this extent, that some of the presumptions were gone when the defendants introduced testimony, because they admit that the truck was parked there without a light. That is negligence under the statute. The only question is whether there was contributory negligence on the part of the plaintiffs. While there was no additional evidence along that line, other than the lighting, there is no question, of course, about these lights being there; there is no question but what this truck, as shown by the pictures and all, that it was under this tree, and there is no question in my mind but what that truck, dark colored as it was, against the dark background with the overhanging branches and all that, was in a spot that was much darker than some place out from under that tree. I do not believe that a man should be penalized if he has his car properly equipped and driving along, assuming that the law gives him the right to assume that things are all right; that the simple fact that it was possible for his lights to have picked up this truck or any obstruction, that it necessarily follows that they did. As I observed at the time of the argument, there are three street lights involved here, one across Anderson Street, and there is a tree between that and the tree that the truck was parked under on that side. On the other side, there is nothing between that light and the truck fifty or sixty feet away. Down by the end of the street, as indicated by the pictures, there is another light which, due to the jog in the street there as you look down toward it, it looks to be almost in the center of the street. Now, remembering the fact that this pavement was wet, and it has been definitely established now that there was reflection from all of these lights on this pavement, the darkest spot in the whole area was bound to be under those trees, extending as they did out there. I do not feel that there is sufficient contributory negligence here on the part of the plaintiff which would preclude recovery. Plaintiff is entitled to recover in my opinion."

Had respondent run into an automobile parked at the place in question, then under the rule of the cases hereinbefore cited, he could easily have been found guilty of contributory negligence, as a matter of law. He was traveling in a residential district, where he knew cars were usually parked in the nighttime. But we do not feel that it was his duty to be so much on the alert for trucks in that locality. Trucks are not usually parked in residential districts. Moreover, as the trial court pointed out, this truck was parked in the darkest spot in that block. Because of its long flat-bed and dark color, it blended with the atmosphere and was rather difficult to see.

We find no error in the ruling of the trial court that respondents were free of contributory negligence. The judgment is affirmed.

MALLERY, C. J., MILLARD, and ABEL, JJ., concur.

SIMPSON, J., dissents.

May 9, 1947. Petition for rehearing denied.